44 347
82 505
44 347
e146 543

DETERMINED IN THE

# SUPREME COURT,

## OCTOBER TERM, 1872.

[No. 2,909.]

## A. W. BERRY *v.* JOHN CAMMET.

CONTROVERSIES CONCERNING PURCHASE OF LANDS.—The judicial department of the State has no jurisdiction of controversies arising between applicants for the purchase of State lands, except in cases where such jurisdiction is expressly conferred by statute.

COMPLAINT IN CONTEST FOR PURCHASE OF LANDS.—When a controversy between applicants for the purchase of State lands is referred to the Courts for decision, the complaint in the action must state, not only that the parties are contesting claimants for the purchase of the land, but also all the facts conferring jurisdiction on the Court, such as the proceedings before the Surveyor General, and the order made by him referring it to the Courts.

SALE OF LIEU LANDS.—Lieu lands cannot be sold by the State officers until the selection of them by the State has been approved by the Register of the proper Land Office.

SUIT CONCERNING RIGHT TO BUY LIEU LANDS.—A suit concerning the right to purchase lieu lands cannot be commenced in the Courts until the Surveyor General has made an application to the Register of the proper Land Office to have the land accepted in part satisfaction of the grant under which it is sought to locate them.

COMPLAINT IN SUIT CONCERNING LIEU LANDS.—A complaint in an action between contesting applicants to buy lieu lands must aver that the Surveyor General has made application to the Register to have the land accepted in part satisfaction of the grant under which it is sought to locate them.

APPEAL from the District Court of the Third Judicial District, County of Santa Cruz.

The plaintiff averred, in substance, in his complaint, that since the 1st day of January, 1868, he had been in possession of the northwest quarter of section eight, township number ten south, range three west, Mount Diablo base and meridian, and that he had valuable improvements thereon, consisting of a dwelling house, etc.; that December 10th, 1869, the official plat of the survey of the land was filed in the office of the Surveyor General of the United States, and in the land office of the local district; that on the 1st day of February, 1870, he made application to the Surveyor General of the State of California to purchase the land in lieu of the northeast quarter of section sixteen, township four south, range one east, Mount Diablo meridian, which last named land was within the limits of a private grant; and he filed with his application his affidavit for location, as required by the Act of March 28th, 1868, and that on the 7th day of April, 1870, he filed with the Surveyor General an amended application and affidavit; that December 23d, 1869, defendant applied to the Surveyor General to purchase the land from the State, and filed his affidavit and application; that June 22d, 1870, the plaintiff filed in the office of the Surveyor General a protest against the approval of defendant's application, and a contest arose between the applicants involving questions of law and fact, and the Surveyor General, at the demand and request of the plaintiff, on the 17th day of September, 1870, made an order that the contest be referred to the Court for decision, a certified copy of which accompanied the complaint.

The defendant demurred to the complaint, because it appeared on the face of the complaint that the Court had no jurisdiction of the subject matter of said action, or of the parties thereto, and because the complaint did not state facts sufficient to constitute a cause of action. The Court overruled the demurrer.

The Court below gave judgment that the plaintiff was entitled to purchase the land. The defendant appealed.

The other facts are stated in the opinion.

*George A. Nourse*, for Appellant.

The Court derives its jurisdiction from the proffer of the certified copy of an entry to be made by the Surveyor General or Register, as the case may be, in a book kept for that purpose.

But that entry is to be made only in certain cases, prescribed in section seventeen (p. 511 of the Laws of 1867-8) of the Act under which this action is brought. The complaint does not show that this is either of the cases contemplated by the statute for a reference of the dispute to a Court.

The complaint alleges that "a contest arose involving questions of law and fact," but it does not allege, as required by the statute, that "in the judgment of the Surveyor General a question of law is involved." Nor does the complaint allege, as required by the statute, that "the party protesting" (plaintiff) made a "sufficient ex parte showing to warrant, in the judgment of the Surveyor General or Register, further proceedings in the matter."

It does not appear by said complaint, that "the acceptance of the Register of the United States Land Office" of the location of the land applied for by plaintiff, in lieu of any school section land, otherwise appropriated by the United States, had been obtained before this suit was brought. But this is required by section twelve of the Act aforesaid,

(Stats. 1867–8, p. 510), before the State Surveyor General can give his certificate, authorizing the County Treasurer to receive payment for the lands. This certificate is the only certificate of approval given by the State Surveyor General in the case of an application to purchase lieu lands from the State. This certificate, as we have shown, is not to be given until the acceptance of the Register of the United States Land Office is obtained. Consequently, any suit like the present, brought before the State Surveyor General has obtained such acceptance, is premature; for until the State has thus a prima facie title to the land applied for by the two parties, the State Surveyor General cannot approve either application to purchase it; and it would be extremely absurd to allow a suit to compel the State Surveyor General to do that which, by law, he is not yet allowed to do.

*Albert Hagan* and *J. H. Logan*, for Respondent.

Aside from the certified copy of the order of transfer, the District Court, by virtue of its general jurisdiction, had power to try and determine all the issues presented by the complaint.

Without any Act of the Legislature, the same Court had full power to adjudicate upon the claims of plaintiff and defendant in or to the lands in controversy. The section (17, Laws 1867–8, p. 511,) was enacted in order that the officer of the State Land Office might transfer any contest to the proper Court for final adjudication, and put at rest in a judicial tribunal the various petty contests over the right to purchase lands from the State. It was an enabling Act, and had its origin in a desire of the Legislature to more readily settle these disputes, and free the office of the Surveyor General and Register from the appearance of a judicial tribunal.

The plaintiff in this case was not bound to wait the action of the Surveyor General in the matter, but could have in-

voked the aid of a Court of equity to remove all obstacles in his way to perfect his title to any lands, under the laws of the State.

It was not necessary for plaintiff to state the facts spoken of in defendant's brief, as those facts were merely subjects of proof at the trial. All such facts should be avoided in pleading. A *fact* must be stated, but not the *evidence* of the fact. (*Green* v. *Palmer*, 15 Cal. 413; 1 Cal. 359.)

The applicant is not presumed to know whether the United States has accepted *the lands described* in his application or not, in part satisfaction of any grant.

By reference to the statutes of 1869–70, p. 875, Sec. 12, it will be seen that the applicant for the purchase of lands from the State has nothing to do with the United States Land Office; nor does the application placed on file by plaintiff in the Surveyor General's office ever get into any other office.

The Surveyor General, on the part of the State, asks that certain lands (mentioning them) *be accepted* in part satisfaction of a certain grant (mentioning it).


By the Court, RHODES, J.:

The sale of the lands of the State is committed to the executive department of the government; and the judicial department has no jurisdiction of controversies arising between applicants for the purchase of the lands, except in such matters as are expressly provided for by the statute. In order to give a Court jurisdiction of a controversy of that character, the facts conferring jurisdiction must be stated in the complaint. It is not enough that there are contesting claimants for the purchase of the same. lands, but the proceedings required by the statute before the Surveyor General and other officers concerned with the sale of the land must be had, and must be stated in the complaint.

The defendant demurred to the complaint on the ground that the Court has no jurisdiction of the subject matter of the action, and that the complaint does not state sufficient facts to constitute a cause of action. In argument he points out that the complaint does not allege that, in the judgment of the Surveyor General, a question of law is involved, nor that either party demanded a trial in the Courts of this State, as required by section seventeen of the Act of 1868. (Stats. 1867–8, p. 511.) It sufficiently appears that there is a contest between the parties in respect to the right to purchase the same tract of land, and it is averred that the Surveyor General, at the demand and request of the plaintiff, made and entered the requisite order, that the contest be referred to the proper Court for decision. This averment, when tested by a general demurrer, must be regarded as a sufficient averment that the plaintiff demanded a trial of the contest in the proper Court, as provided by section seventeen of that Act.

It is provided by section twelve of the same Act, that whenever application is made for the purchase of lieu lands, the Surveyor General shall apply to the proper Land Office of the United States to have such lands accepted in part satisfaction of the grant under which it is sought to be located, and that when such acceptance shall have been obtained, he shall give to the applicant a certificate which shall authorize the proper County Treasurer to receive payment for the land. It requires no argument to show that it was not intended by the Act to authorize the sale of lieu lands until the selection by the State had been approved by the Register of the proper Land Office, nor to show that it was not intended that a contest should be brought on to a hearing before the Courts, to determine which party had the better right to purchase the lands from the State, before the State had taken the first step towards the acquisition of the title to the lands. The complaint fails to state that the Surveyor Gen-

eral had made the application to the Register, as provided for by that section of the Act, and therefore does not state sufficient facts to constitute a cause of action or to give the Court jurisdiction of the contest.

Judgment reversed and cause remanded, with directions to sustain the demurrer.