[No. 4897.]

# WM. H. CHRISTMAN v. C. P. BRAINARD.

RIGHT TO PURCHASE STATE LANDS.—In an action to determine a contest
arising in the Surveyor-General's office in respect to the right to pur-
chase lands from the State, the defendant is not entitled to a judgment
awarding him the right to purchase because the plaintiff has failed to
make out a case; nor is he entitled to such judgment unless the answer
and complaint state facts which show he has a right to purchase.

IDEM.—In such action it is not sufficient to plead a certificate of purchase,
but facts must be stated which authorize the certificate to issue.

PURCHASE OF SWAMP LANDS.—Under the act of March 18, 1868 (Stats. 1867–8,
514), in relation to swamp and overflowed lands, one person was not
allowed to purchase such lands, if in the occupation of another.

IDEM.—The act of 1870, supplementary to the act of 1868, did not prohibit
the occupant of such lands from purchasing the same after the expiration
of ninety days from the time the plat of survey was filed in the United
States Land Office, if no other valid application had been made.

APPEAL from the District Court, Second Judicial District,
County of Plumas.

Action to determine a contest arising in the office of the
Surveyor-General of this State concerning the right to pur-
chase certain swamp lands in the county of Plumas, described
as the west half and southeast quarter of southwest quarter
of section twenty-nine (29); the north half of the northwest
quarter, the west half of the northeast quarter, and the east
half of the southeast quarter of section thirty-two; and the
west half of the southwest quarter of section thirty-three, in
township thirty north, of range six east, Mount Diablo me-
ridian; the north half and the southeast quarter of the north-
west quarter, the northeast quarter of the southwest quarter,
and the west half of the southeast quarter of section four;
the west half of the northeast quarter, and the west half of
the southeast quarter of section nine; and the northwest
quarter of the northeast quarter of section sixteen, in town-
ship twenty-nine (29) north, of range six east, Mount
Diablo meridian.

The plaintiff averred in his complaint that he had occu-
pied the land since May, 1869, and that the land was sur-
veyed by the United States and segregated as swamp and
overflowed land, and that the plat of survey was filed in the

United States Land Office on the 20th of December, 1872, and that he made application to purchase the land on the 29th day of April, 1873, and that the Surveyor-General refused to approve of the application because it conflicted with an application of the defendant, and that the defendant claimed a right to purchase the land, but the same was inferior to the right of the plaintiff. This was the only allegation in the complaint concerning the defendant's right to purchase. The defendant, in his answer, stated that he had owned the land since January 19, 1870; that on said day he made application according to the statute, and having in all respects complied with the law, paid the State twenty per cent. of the purchase-money and one year's interest on the balance, and the register of the State land office gave him a certificate of purchase on the nineteenth day of January, 1870. The answer admitted the allegation concerning the survey of the land. The court found that the plaintiff's application was regular and that he was a qualified purchaser, but that the defendant had received a certificate of purchase, as averred in the answer; that the land had not been segregated when the certificate issued, but that the defendant, in July, 1873, made a supplemental application, without abandoning the first, which showed the 'exact number of acres contained in the former purchase, and that he was entitled to have his claim perfected by the State, and rendered judgment in his favor.

The plaintiff appealed.

The other facts are stated in the opinion.

*Belcher & Belcher*, for the Appellant.

The right of the defendant to purchase the land, and of the Register of the State land office to issue the certificate of purchase depended upon the establishment of several preliminary matters, as:

First. That he was a citizen of the United States, or had filed his intention to become a citizen, and was a resident of this State, and of lawful age;

Second. That he had made affidavit stating these facts: That he desired to purchase certain lands particularly described

in his affidavit, and that he did not know of any legal or equitable claim to said land other than his own;

Third. That the land sought to be purchased had been surveyed by the United States, and had been segregated by the United States or the State of California.

The defendant did not set up any of these facts in his answer. The land had not been surveyed when the defendant received his certificate of purchase. The act of 1868, section 29, made occupants of swamp land preferred purchasers. (*Hildebrant* v. *Stewart*, 41 Cal. 387.) The act of 1870 did not change the rule.

*Haymond & Coggins*, for the Respondent.

The complaint shows affirmatively that appellant is *not* entitled to purchase the land in dispute.

It shows that plaintiff is one of that class of applicants whose rights are limited and defined in the act of April 4, 1870, supplementary to the act of March 28, 1868.

It shows, further, that the plats of said land were filed in the proper land office December 20, 1872, and that the application of plaintiff to purchase said land was filed with the county surveyor April 29, 1873—more than ninety days after the filing of said plats.

The act of April 4, 1870, being upon the same subject-matter as the act of March 24, 1868, by a well-settled rule of statutory construction, is to be read as a part of that act, being *in pari materia*. (*People* v. *Broadway Wharf Co.*, 31 Cal. 33.)

By the COURT:

In an action to determine a contest arising in the Surveyor-General's or Register's office, in respect to the right to purchase lands from the State, the defendant is not entitled to judgment to the effect that he has the right to purchase the lands from the State on the ground that the plaintiff has failed to make out his case. Nor is he entitled to such judgment unless he states in his answer facts, which, together with those stated in the complaint, show that he has the right to make such purchase. (*Woods* v. *Sawtelle*, 46 Cal. 389.) The

answer in this case fails to state the requisite facts.  Instead of relying on the certificate of purchase, as the defendant seems to have done, he should have stated the facts which authorized the certificate to issue to him.

It is alleged in the complaint, and not denied in the answer, that the plaintiff has been in the occupation of the lands since May, 1869.  The defendant, therefore, was not authorized by the act of March 28, 1868 (Stats. 1867–8, p. 514), to purchase the lands as swamp and overflowed lands.

The act of April 4, 1870 (Stats. 1869–70, p. 878), is not to be construed as prohibiting a settler upon swamp or overflowed land from making an application to purchase the lands after the expiration of the ninety days mentioned in the second section of that act.  The application to purchase, though made after that time, will be sufficient if it be in fact prior to any other valid application.

Judgment and order reversed, and cause remanded for a new trial.