[No. 6,571.—Department No. 1.]

# WRIGHT v. LAUGENOUR.

STATE LANDS — CONTEST — PLEADING. — In an action to determine a contest arising in the Surveyor-General's or Register's office, each party must allege facts sufficient to show that he is entitled to the issue of a certificate to him.

ID.—APPLICATION TO PURCHASE—LAND WARRANTS.— An application to purchase State lands by the location of school-land warrants, made subsequent to the Act of April 27th, 1863, is not invalid for want of the affidavits required by that act—such applications being expressly excepted from the operations of the act by the proviso in the second section.

ID.—ID.—ID.—DEPUTY.—Upon such an application, certain affidavits required by the Act of April 23rd, 1858 (as amended by § 7 of the Act of April 22nd, 1861,) were made before a person signing the *jurat* as "Deputy Locating Agent." *Held*, that the administration of an oath is a function ministerial in its nature, and the State Locating Agent, as a ministerial officer, had power to appoint deputies.

ID.—ID.—ID.—ID.—ESTOPPEL.— Upon the application of the defendant, one J. P., as Deputy State Locating Agent, under appointment made by the State Locating Agent, made application to the Register of the Land Office, on behalf of the State of California, for the land in controversy; and in pursuance of that application the land was listed to the State. Afterward the plaintiff made his application. *Held*, that he was estopped from denying the authority of the Deputy Locating Agent.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Sixth District Court, County of Sacramento. DENSON, J.

The defendant, Thomas Laugenour, on the 9th day of July, 1864, made his application to the State Locating Agent, purporting to be under the provisions of the Act of April 27th, 1863, to purchase the land in controversy. The application was accompanied by his own affidavit and that of three others, to the effect required by § 3 of the Act of April 23rd, 1858, (as amended by § 7 of the Act of April 21st, 1861) the *jurat* to the latter affidavit being subscribed, "John Prentice, Deputy Locating Agent." On the next day the said Prentice, as Deputy State Locating Agent, indorsed on the application his acceptance thereof, and filed an application for the location of the land with the Register of the United States Land Office at Marysville—the application being signed, "G. W. Colby, State Locating Agent, etc., by John Prentice, Deputy"; and on the 24th day of October, 1867, filed the application with the proper indorsements in the office of the Surveyor-General. The land was listed to the

State on the 3rd day of February, 1876, in pursuance of this location.

The application of the plaintiff was made to the Surveyor-General on the 8th day of February, 1876, and the contest referred by him to the District Court for trial. The other facts are stated in the opinion.

*Jo. Hamilton,* and *C. P. Sprague,* for Appellants.

The respondent's application was made under the Act of March 27th, 1863. (Stat. 1863, p. 591.) He elected to make his application under that act, and by that act it must be tested. The complaint alleges a failure by the respondent to comply with §§ 28 and 29 of the act; and the allegation is not denied. There was, therefore, an utter failure to comply with the provisions of the act; and the plaintiff's application should be approved. (*Cunningham* v. *Crowley,* 51 Cal. 128.)

The affidavit required by the Act of April 23rd, 1858, was not made before any one authorized to administer oaths. The act does not provide for the appointment of deputies by the State Locating Agent.

*W. C. Belcher,* and *W. B. Treadwell,* for Respondent.

The plaintiff neither alleged in his complaint, nor proved at the trial, that he was a resident of the State of California, or that he was of lawful age, or that he had not entered any land in part satisfaction of the grant in lieu of 16th and 36th sections, which, together with that which he now seeks to purchase, exceeded 320 acres. (Pol. Code, § 3500; *Christman* v. *Brainard,* 51 Cal. 534; *Woods* v. *Sawtelle,* 46 id. 389.)

Defendant's application was not invalid for want of the affidavits required by the Act of April 27th, 1863, as his case came within the proviso of the second section. The application was in strict accordance with the provisions of the statutes in force at that time. (Stat. 1858, p. 248, § 3; Stat. 1861, p. 220, § 7.)

The State Locating Agent was a ministerial officer, and had a right to appoint deputies, without any express authorization

by statute. (*Jobson* v. *Fennell*, 35 Cal. 711; *Taylor* v. *Brown*, 4 id. 188; *Phelps* v. *Whinchcomb*, 3 Bulst. 77.)

McKINSTRY, J.:

In an action to determine a contest arising in the Surveyor-General's or Register's office, each party must allege the facts which, in his view, would authorize the issue of a certificate to him. (*Christman* v. *Brainard*, 51 Cal. 534.)

The plaintiff neither alleged in his complaint, nor proved at the trial, that he was a resident of the State of California, or that he was of lawful age, or that he had not entered any land in part satisfaction of the grant, *in lieu of sixteenth or thirty sixth sections*, which, together with that which he now seeks to purchase, exceeded three hundred and twenty acres. He was, therefore, not entitled to judgment in the Court below.

The second section of the Act of April 27th, 1863, contains the following proviso: "Nothing in this act shall be construed to affect the sale of lands, by the location of *school land warrants*, which lands shall be located and paid for in the manner now provided by law."

Defendant's application is not invalid for want of the affidavits required by the act referred to, since it comes within the proviso above quoted.

It is urged by the plaintiff and appellant that the application of respondent was invalid under the Act of 1858, (Stat. 1858, p. 248) inasmuch as certain affidavits were made before a person signing the *jurat* as "Deputy Locating Agent." The administration of an oath is a function ministerial in its nature, and the State Locating Agent, as a ministerial officer, had power to appoint deputies. (*Jobson* v. *Fennell*, 35 Cal. 711.)

The plaintiff has no right in or to the land unless it is property of the State; and as the contest is, whether plaintiff, or defendant, or either, is entitled to purchase from the State, the plaintiff is estopped from denying the authority of the Deputy Locating Agent. It is not necessary to decide that the State may not dispute it.

Judgment and order affirmed.

Ross, J., and McKEE, J., concurred.