## JAMES LANE v. PAUL PFERDNER ET AL.

STATE LANDS—COMPLAINT—PLEADING—REFERENCE OF CONTEST—JURISDIC-
TION.—In an action to try the rights of contestants to purchase State lands,
the jurisdiction of the District Court (under the late Constitution) depended
upon the *fact* that the surveyor-general had made an order referring the
contest; and it was therefore necessary for the plaintiff to allege and prove
the making of the order, but not necessary for him to allege that a *certified*
copy of the order was filed, in the District Court, before the commencement
of the action.

ID.—ID.—ID.—EVIDENCE—ONUS PROBANDI.—In such an action, the burden
rests upon either party to establish his own right; and the fact that the com-
plaint anticipates the case of the defendant, by negative averments as to
his qualification and right to purchase, does not alter the rule or shift the
burden.

APPEAL from a judgment for the plaintiff, and from an order
denying a new trial, in the First District Court, County of San
Luis Obisbo.   FAWCETT, J.

*Charles E. Wilson,* and *McD. R. Venable,* for Appellant.

The Court only acquires jurisdiction upon the production
and filing of the order of reference.   The order must accompany
the complaint, and be filed with it (Pol. Code, §§ 3414, 3415;
*Berry* v. *Cammet,* 44 Cal. 347) ; and this must be averred in
the complaint.   (*Ricks* v. *Reed,* 19 Cal. 551; *Doll* v. *Feller,*
16 id. 432; *C. P. R. R. Co.* v. *Placer Co.* 43 id. 365.)

The prior applications of defendants, being in conformity to
the statutes, show in them a *prima facie* right to purchase.
(Pol. Code, § 3500; *Rogers* v. *Shannon,* 52 Cal. 99.)   The
plaintiff failed to prove any of his allegations assailing the prior
applications of defendants.

*W. J. & William Graves,* for Respondent, cited, upon the first
point, Pol. Code, §§ 3415, 3417; *Green* v. *Palmer,* 15 Cal. 413;
*Berry* v. *Cammet,* 44 id. 347 ; and, upon the second, *Cadierque*
v. *Duran,* 49 Cal. 356 ; *Woods* v. *Sawtelle,* 46 id. 389; *Christ-
man* v. *Brainard,* 51 id. 534.

McKINSTRY, J.:

The jurisdiction of the District Court, under the late Consti-
tution, to try and determine a contest arising in the surveyor-

general's office, was *special,* and depended upon the *fact* that the Surveyor-General had made an order "referring the contest." It was necessary, therefore, when an action was brought to try the rights of the contestants to purchase the lands, for the plaintiff to allege and prove (by the production of the certified copy of the entry) that the surveyor-general made the order of reference. (Pol. Code, §§ 3414, 3415 ; *Berry* v. *Cummet,* 44 Cal. 347.) The District Court passed upon the fact which gave it jurisdiction, which fact could be proved by the certified copy. The complaint need not, however, aver that the certified copy of the order referring the contest had been filed in the District Court before the action was commenced. It was sufficient to allege that the order had been made.

In reference to the other point presented by this appeal, the District Judge, in passing upon the case below, said : " Plaintiff claims that, as the case stands, he has the better right and the only right to purchase. In his complaint, after setting up his own right, he proceeds by negative averments to show that the defendants Pferdner and Sheppard were not qualified purchasers, and had no right in the premises. Defendants, in their answer, traverse these averments. They then affirmatively set forth the facts which show them to be qualified purchasers. As to these averments, it will be observed that neither party offered any evidence, and the question presented is simply upon whom was the *onus probandi ?* If the plaintiff had not proceeded in his complaint, with his negative allegations, there could be no controversy over these questions. Such allegations were not necessary to his case. But having made them, was it necessary for him to prove them ? Defendants have evidently proceeded on the theory that it was. I am constrained, however, to conclude that it was not ; that the burden rested on either party to establish his own right, and that the fact that plaintiff went out of his way to anticipate the defendants' case does not alter the case or shift the burden. The plaintiff made a *prima facie* case of a right to purchase. It then, I think, became incumbent on defendants to show a better right, not only by showing a prior application, but also by showing themselves to be qualified purchasers. The fact that plaintiff did not prove his allegations concerning the right of defendants did not relieve

them of the necessity of proving their own affirmative allegations. I think this conclusion in harmony with familiar rules of pleadings and evidence, and with the following cases cited by plaintiff's counsel, namely: *Cadierque* v. *Duran*, 49 Cal. 356 ; *Christman* v. *Brainard*, 51 id. 534 ; *Sawtelle* v. *Woods*, 46 id. 389. E. FAWCETT, Judge."

With these views of the learned Judge of the Court below, we fully concur.

Judgment and order denying a new trial affirmed.

Ross, J., and McKinstry, J., concurred.