[Sac. No. 1486.  In Bank.—December 10, 1907.]

NATHAN BIEBER, Respondent, v. ADA LAMBERT et al., Defendants.  CENTRAL TRUST COMPANY, Appellant.

STATE LAND—NON-AGRICULTURAL SCHOOL LAND—PRIORITY OF RIGHT TO PURCHASE—INSUFFICIENT APPLICATION.—A qualified person who first makes a proper application for the purchase from the state of its vacant, non-agricultural school land acquires a priority of right; and one who by his own neglect or mistake makes an imperfect and uncertain application to purchase a tract of such land and whose application the agents of the state for that reason refuse to receive or file is afforded no protection and given no priority of right as against another qualified person who makes a proper application for the same land which is received and filed before the first person has again presented his application in an amended and perfect form, except in cases where such first person was occupying the land before the second party made application therefor.

ID.—UNCERTAINTY IN DESCRIPTION OF LAND.—An application for the purchase of four hundred acres of vacant, non-agricultural school land in which a tract of forty acres was twice described is uncertain as to the description of the land applied for and it is a proper course for the surveyor-general to return such an application with a statement of the defect.

ID.—CONTEST BY SUBSEQUENT APPLICANT—PRESUMPTIONS IN FAVOR OF HOLDER OF CERTIFICATE—JUDGMENT.—In a contest to determine the right to purchase vacant, non-agricultural school land, brought by an applicant who was subsequent in point of time against a prior applicant to whom a certificate of purchase had been issued, and whose papers were apparently regular on their face, the presumptions that the law has been obeyed, that the first applicant is innocent of the crime of perjury, and that official duty has been properly performed avail the defendant, and in the absence of evidence to the contrary are sufficient to establish the right of the holder of the certificate, so far as may be necessary to prevent the plaintiff from obtaining judgment establishing his subsequent claim and to require judgment that plaintiff take nothing by the action. Under such circumstances the defendant is not required to offer evidence in support of his claim.

APPEAL from a judgment of the Superior Court of Lassen County. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

J. E. Pardee, and A. E. Bolton, for Appellant.

R. M. Rankin, and W. A. Gett, *Amicus Curiæ.*

SHAW, J.—This is an appeal from a judgment in favor of plaintiff in a contest concerning the rights of the respective parties to buy school lands from the state, instituted under the provisions of sections 3414 and 3415 of the Political Code.

Ada Lambert made application to purchase the lands, obtained a certificate therefor and transferred the same to the Central Trust Company before the action, in pursuance of the surveyor-general's order of reference, was begun. The Trust Company claims only as her successor in interest. She was duly served with summons in the action, but failed to appear and her default was duly entered.

The Trust Company answered, and appeared at the trial, but introduced no evidence in support of the right of Ada Lambert, or in opposition to the plaintiff. The only question

presented is the sufficiency of the evidence, in connection with
the facts admitted by the pleadings, to support certain of the
findings and the judgment. There is no conflict in the evi-
dence. The facts are as follows:—

The land is situated in section 36 of township 35 north,
range 9 east, Mt. Diablo meridian, and is non-agricultural
timbered land. On May 13, 1903, Nathan Bieber sent by mail
to the surveyor-general at Sacramento his verified application
to purchase four hundred acres of said section. The applica-
tion was in due form, except that there was a defect or
ambiguity in the description of the land applied for, whereby
it appeared that one tract of forty acres, the northeast quarter
of the northwest quarter, was twice described, and the appli-
cation seemed to cover but three hundred and sixty acres,
though calling for four hundred acres. The description was
as follows: "The N. W. ¼, the W. ½ of the N. E. ¼, the
S. E. ¼ of the N. E. ¼, the N. ½ of the S. E. ¼, and the
N. E. ¼ of the N. W. ¼ of section 36, Tp. 35, N. R. 9, E.,
M. D. M., containing four hundred acres."

The surveyor-general received the application on May 15,
1903, and on May 20, 1903, returned it by mail, accompanied
by a letter to Bieber, stating that it was returned "for the
reason that your application calls for the N. W. ¼ and N. E.
¼ of N. W. ¼" of the section. The complaint alleges and
the court finds that it was thereby returned by the surveyor-
general to Bieber "for correction," but there is no evidence
that the surveyor-general at the time made any suggestion to
that effect. In a letter written by him to Bieber on November
5, 1903, the surveyor-general says that the original application
was returned to Bieber for correction, and this is all the
evidence on the subject.

On May 27, 1903, Ada Lambert presented to the surveyor-
general her application and affidavit to purchase from the
state five hundred and sixty acres of the same section, includ-
ing all the land covered by Bieber's application of May 13th,
and also the entire southwest quarter thereof, as well as the
remaining forty acres of the northeast quarter. This applica-
tion was on the same day received by the surveyor-general
and by him filed in his office and numbered 4237.

On May 28, 1903, Bieber offered to the surveyor-general
another application, duly verified, to purchase four hundred

acres of the section and the same was thereupon received and filed and numbered 4240. The description of land in this application was the same as that in his first application except that the words ''N. E. ¼ of the *S.* W. ¼'' were substituted for the words ''N. E. ¼ of the *N.* W. ¼,'' thus making a good description of four hundred acres of land. The application was apparently verified on May 13, 1903, but Bieber testified, and the court finds, that it was in fact verified on May 23, 1903. Bieber testified that this application was made as a correction, and was amendatory to his application of May 13, 1903. There is nothing in the application of May 28th to show such intent, unless it may be inferred from the fact that the original date of verification was inserted instead of the true date. There is no other evidence that the surveyor-general was informed that the second application was intended as an amendment of the first.

The order of reference, introduced in evidence by plaintiff, makes no mention of Bieber's first application, but recites only the two applications, the one of May 27, 1903, by Ada Lambert, and the other by Nathan Bieber on May 28, 1903. It further states that the application of Ada Lambert was approved on November 27, 1903, and that on January 20, 1904, certificate of purchase No. 4676 was issued to her for the land she applied for. The complaint alleges that payment of the full purchase price was made upon the Ada Lambert application and a certificate of purchase issued to her by the surveyor-general. The answer admits these allegations and they therefore stand as established facts in the case.

The complaint is in two counts. The first count is based on the theory that the second application of Bieber is to be treated as an amendment of that of May 13th, and that his rights are the same as if the second had been filed on May 15th, the day the first application was received by the surveyor-general.

The second count does not mention the first application, but rests upon that of May 28th alone, and avers that some of the facts stated in the prior application of Ada Lambert are false and her entry consequently void, and upon that ground claims the better right as against her and her successor.

The judgment is that Bieber, under his application of May 28, 1903, is entitled to purchase the four hundred acres of

land therein described, that the surveyor-general must approve the same, that the defendants are not, and never have been entitled to purchase said four hundred acres, or any part thereof, and that, as to said land, the application of Ada Lambert, and the certificate of purchase issued to her, are void.

1. It is not claimed, and it does not appear, that Ada Lambert, at the time she made her application and paid the fees therefor, nor at the time the purchase money for the land was paid and the certificate of purchase issued to her, had any notice or knowledge of the attempt of the plaintiff to file his application of May 13th prior to the filing of her application, on May 27th. We are unable to perceive any sufficient ground or reason for declaring his right, by reason of that attempt, to be superior to hers. The land is timbered school land, unfit for cultivation, and Bieber did not settle upon or take possession of it. His application was for more than three hundred and twenty acres, the largest quantity of tillable land that can be purchased from the state by one person. He did not apply as a settler, nor claim to have occupied the land, but applied to buy it as vacant, non-agricultural school land. The state, by its laws, offers such lands for sale to the qualified person who first makes a proper application for it, and one who, by his own neglect or mistake, makes an imperfect and uncertain application to purchase a body of such land, and whose application the agents of the state, for that reason, refuse to receive or file, is by that law afforded no protection and given no priority of right, as against another qualified person who makes a proper application for the same land, which is received and filed before the first person has again presented his application in an amended and perfect form, except in cases where such first person was occupying the land before the second party made application therefor. (Pol. Code, secs. 3495, 3497.) If the plaintiff had made a proper application and the surveyor-general had, without sufficient cause, rejected it or refused to receive and file it, possibly the plaintiff could claim a prior and superior right to purchase against a second applicant, although he did not occupy the land and such second applicant was ignorant of his offer to make a filing. We need not decide as to this, for the plaintiff's application was uncertain and ambiguous with respect to the land he sought to purchase and there was good reason

CLII Cal.—36

for rejecting it on that ground. He has no equitable grounds upon which to claim that Ada Lambert's prior application should not, if otherwise lawful, give her priority of right.

There is some contention that the plaintiff's application was good for three hundred and sixty acres of the four hundred acres he applied for, although one tract of forty acres was twice described therein, and that the surveyor-general should have received and filed it as an application for the land actually and properly described. There is no merit in this claim. The description was uncertain, there was no means of ascertaining therefrom what other forty-acre subdivision the plaintiff intended to describe instead of or in addition to that described twice, nor wherein the mistake lay, nor of determining that he was willing to take less than four hundred acres. The reasonable and proper course was to return his application with a statement of the defect.

It follows that the judgment was not authorized under the first count of the complaint.

2. In the second count the false statements made by Ada Lambert in her application were particularly alleged to be those to the effect that she was a citizen of the United States, a resident of this state, that there was no occupation of the land adverse to any that she had, that she desired to purchase it as school land, and solely for her own benefit, and that she had made no contract or agreement to sell the same and it was alleged that her certificate was therefore void. The answer of the Trust Company joined issue upon these allegations, and alleged the qualifications and prior right of Ada Lambert to purchase, claiming as her assignee. The court found that her statements in the application, that she desired to buy the land as school land and solely for her own use and benefit and had made no contract or agreement to sell the same, were false. This finding is challenged by a specification that it is unsupported by the evidence. We find no evidence in the record to sustain it and consequently it must be excluded from our consideration as a foundation for the judgment.

The principal contention of the respondent is that in land contests of this character each claimant must become an actor, and must, by an appropriate pleading, state to the court the facts necessary to give him a prior right to purchase the land

and must support his allegations in that behalf by proof, that if he fails to introduce any evidence, he must in all cases fail of any relief, and judgment must go against him in any event, and that if the adverse party produces proof that he made an application in due form and that he was a qualified purchaser, the right of such adverse party to purchase must be adjudged accordingly, although his application may be subsequent in time to that of the other party and no proof be made showing the invalidity of the previous application or the lack of qualification of the previous applicant.

There are cases to which this rule would apply, but this case is not of that character. As before stated, this land is not suitable for cultivation, and no applicant therefor need be an occupant or actual settler, and in this case neither party claimed to be or was an occupant. The state holds such lands for sale and the rule clearly applicable to conflicting purchasers is that, other things being equal, he who is first in time is first in right. After the order of reference is made either party may bring an action to determine the better right. It is always necessary for the party bringing the action to state facts which will show that there is an adverse claim which has created a contest. (*Polk* v. *Sleeper,* 143 Cal. 71, [76 Pac. 819].) If the action is brought by the one who first filed a proper application for this class of land, the statement of facts showing that the land was subject to sale, that he is a qualified purchaser, that he has made and filed due application to purchase, that the defendant claims under a subsequent application, and that the order of reference has been made, will sufficiently show his own right and the inferiority of the right of the defendant, and he need not, unless he chooses to do so, allege other facts to show that defendant was not entitled to purchase, or that his application is void by reason of false statements or other causes. Where in such a case he rests upon proof of his own right and the subsequent application of the defendant, and the defendant offers no proof in support of his own case, the plaintiff is clearly entitled to judgment, for his application being first in time is *prima facie* first in right, and the defendant's subsequent application is presumptively void.

But where the action is begun by the person whose application is second in point of time, the conditions are, or may

be, reversed. In order to show that there is any contest to try, he must aver that there is a claim under an adverse application. If he alleges that this was filed prior to his own, and it is not defective on its face, he must overcome the presumption in its favor arising from such priority, by averment and proof of some fact or facts establishing its invalidity. If his own proof shows a prior application by the other party and the issuance of a certificate thereon by the surveyor-general and no defect or invalidity appears on the face of these papers, and no outside evidence is given to impeach them, such plaintiff must fail. The first applicant is required to make a sworn statement showing his qualifications as a purchaser, and it is only after this has been done that the surveyor-general has authority to issue his certificate. The presumptions that the law has been obeyed, that the first applicant is innocent of the crime of perjury, and that official duty has been properly performed, come to the aid of the defendant. In the absence of controverting proof these presumptions will prevail. The certificate is made *prima facie* evidence of title in the holder. (Pol. Code, sec. 3514.) It is not conclusive, of course, in a contest of this character (*McFaul* v. *Pfankuch*, 98 Cal. 402, [33 Pac. 397]), and perhaps in this class of cases its *prima facie* force is no greater than that which arises from the presumption above mentioned; but it is at least sufficient, if not controverted, to establish the right of the holder, so far as may be necessary to prevent the plaintiff from obtaining judgment establishing the subsequent claim, and to require judgment that plaintiff take nothing by the action.

The cases of *Lane* v. *Pferdner*, 56 Cal. 122; *Gilson* v. *Robinson*, 68 Cal. 543; *Garfield* v. *Wilson*, 74 Cal. 178, [2 Am. St. Rep. 785, 15 Pac. 620]; and *Prentice* v. *Miller*, 82 Cal. 573, [23 Pac. 189], are cited in support of the proposition that either party to such contest must fail if he does not prove his qualifications as a purchaser, and the truth of any fact stated in his application and alleged by the other party to be false. In *Lane* v. *Pferdner* the question of the effect of the lack of any evidence on behalf of a defendant is discussed and decided. It was held that he has the burden of proof to establish the averments of his answer to the effect that he is qualified to purchase. In that case, however, it does not appear that there

was any proof of facts by the plaintiff, or any facts admitted
by the pleadings, which would have the effect of establishing
the defendant's claim and a *prima facie* prior right in defend-
ant, as is the case here.		If in this case the plaintiff had
merely alleged that the defendants claimed a right to pur-
chase which was inferior to that of plaintiff, and that Ada
Lambert was not a qualified purchaser and had made the
false statements as found, and had rested his case after prov-
ing his own right, as the plaintiff did in *Lane* v. *Pferdner,*
without proving or averring facts showing a prior right in
defendants, the decision in that case would control, and judg-
ment would properly go for the plaintiff, if defendants intro-
duced no evidence.		But the case is different here, and is
governed by the rule stated in *Polk* v. *Sleeper,* 143 Cal. 73,
[76 Pac. 819], to the effect that where a plaintiff in such a
contest by his pleading or proof shows a *prima facie* prior
right in the defendant he must go farther and show some
"fact, matter or thing that would invalidate the defendant's
certificate of purchase."		The ordinary rules of pleading,
practice, and evidence are to be followed in these contests
(*Hinckley* v. *Fowler,* 43 Cal. 64), and for the purpose of
defeating the plaintiff's claim the defendant may rely on
proof made by the plaintiff and facts admitted by the plead-
ing, as in other actions.

The other cases cited by respondent are not applicable to
the precise point here under consideration.		They merely
announce the general doctrine that each party is an actor and
must allege and prove his own case.		Nothing is said in regard
to the effect of facts admitted by the pleadings, or proof in
his favor which may be made by his adversary.

The judgment is reversed.

Angellotti, J., McFarland, J., Henshaw, J., and Lorigan, J.,
concurred.

Rehearing denied.