[No. 7,148.—Department No. 1.]
## JOHNSON *v.* SQUIRES.

STATE LANDS—CONSTRUCTION OF STATUTE.—Act of March 27th, 1872, for the
relief of purchasers of State lands, was retrospective in its operation, and
did not apply to future cases. *Held*, accordingly—where a defective ap-
plication for the purchase of State lands was made before, but the certificate
of purchase was issued, and payment for the land made, after the passage
of the act—the application was not cured by the act.

ID.—ID.— CONSTITUTIONAL LAW.—By § 3 of art. xvii of the Constitution,
"lands belonging to this State which are suitable for cultivation, shall be
granted only to *actual settlers*," and this provision operates as well on ap-
plications made before, as those made after the Constitution took effect.

APPEAL from a judgment for defendant in the Seventeenth
District Court, County of Los Angeles. SEPULVEDA, J.

Action to determine a contest as to the rights of the parties
to purchase a tract of State land, referred to the District Court
by the Register of the Land Office. The application of the de-
fendant was made March 14th, 1868, and the certificate of pur-
chase issued July 24th, 1873. The other facts are stated in the
opinion.

*H. T. Hazard*, for Appellant.

The defendant's application was a nullity, and could not be

cured by any curative act. (*Rooker* v. *Johnston*, 49 Cal. 5; *Middleton* v. *Low*, 30 id. 605.)

*R. M. Widney*, for Respondent.

The transcript shows that the plaintiff has not, and never can have, under existing facts, any right to purchase the land. To none but actual settlers can sales be made. (Const. § 3, art. xvii; § 1, art. xxii; *McDonald* v. *Patterson*, 54 Cal. 245; *Lamb* v. *Schottler*, id. 319.)

McKINSTRY, J.:

The parties have stipulated that the affidavits on which was based the application of respondent complied neither in form nor substance with the requirements of the Act of March 28th, 1868. Respondent is not, therefore, entitled to purchase under the provisions of that act. (*Hildebrand* v. *Stewart*, 41 Cal. 387; *Cunningham* v. *Crowley*, 51 id. 128.) Nor does his come within the class of cases provided for in the curative Act of March 27th, 1872. (Stat. 1871–2, 622.) Even if the language of the first section of that act were ambiguous, the title illustrates its purpose—" *An act for the relief of purchasers of State lands.*" It is difficult to believe, if the Legislature had intended to change the machinery by which such lands might thereafter be acquired, and to amend the law so that applications need no longer be accompanied by certain affidavits, that they would not in terms have amended the prior statute. If the Act of 1872 be construed as an amendment of the previous act, it is apparent that those applicants who have since complied with the previous act *as amended*, require no "relief." To maintain the position of respondent we must declare that the Legislature did by the act last cited amend the previous statute; but this we cannot declare, when to the improbability of an amendment so indirectly arrived at, is added a consideration of the title of the act —in itself totally inapplicable to *future* applications.

The application of plaintiff, we may assume, complied in form and substance with the law in existence when it was made. Yet we cannot determine that he is entitled to purchase, in view of the prohibitory provision of the Constitution: " Lands belong-

ing to this State, which are suitable for cultivation, shall be granted *only to actual settlers.*"   (Art. xvii, § 3.)

This language is clear and explicit, and operates as well on applications made before as after the Constitution took effect. As the case shows, appellant has paid no portion of the purchase-money, nor has his proposition to buy been accepted by the agent of the State.   He has parted with nothing of value, and can neither assert that the State Constitution has "impaired the obligation" of a *contract*, or deprived him of property "without due process of law."   It is admitted by the stipulation—constituting part of the findings—"At the date of the application of Squires, (defendant and respondent) neither plaintiff, nor anyone under whom he claims, was in possession of said land or any part thereof."   It does not appear from the record, however, whether either party has been in possession since January 1st, 1880.   This could not appear, since the judgment of the District Court was rendered prior to that date.   Nevertheless, we must declare that the land can be granted only to an actual settler.   Whether the land could be granted to an actual settler who had been wrongfully dispossessed, need not now be decided.   We only say that under the present Constitution the facts as to the possession of the respective parties must be "found" in all contested cases like the present.

The case must be remanded; and in the Court below, the parties may respectively take such course as they may be advised in respect to motions for leave to amend or supplement their pleadings.

Judgment reversed, and cause remanded for a new trial.

McKEE, J., and Ross, J., concurred.