65    11
91    32

---

[No. 9,189. Department Two.—February 2, 1884.]

# W. L. URTON, Appellant, v. CHARLES E. WILSON et al., Respondents.

State Lands—Purchase of—Constitutional Law.—An application to purchase State lands suitable for cultivation, made prior to the adoption of the new Constitution, by one not an actual settler, and who had made no payment thereon, conferred no right to purchase such lands after the adoption of the Constitution. Such application and all rights under it are made nugatory by section 3, article xvii., of the Constitution.

Id.—Where a controversy arises before the surveyor-general of the State as to conflicting claims regarding the purchase of State lands, and is referred to the court for determination, the validity of a certificate of purchase issued to the defendant will not be adjudicated when the State is not a party to the proceeding and the plaintiff fails to show any right in himself.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Garber, Thornton & Bishop,* and *Stetson & Houghton,* for Appellant.

Appellant's rights are not affected by section 3, article xvii., of the new Constitution. To give the Constitution such an effect would make it retroactive, and its terms do not warrant that construction. (Wade on Retroactive Laws, §§ 1, 35, 39; *U. S.* v. *Heth,* 3 Cranch, 399; *Laugenour* v. *Shanklin,* 57 Cal. 76; *Medley* v. *Robertson,* 55 Cal. 396; *Bedford* v. *Shilling,* 4 Serg. & R. 401.) The appellant's rights were saved by the express provision of the schedule to the Constitution, section 2. The appellant's rights were vested when the Constitution was adopted. (*Robertson* v. *Land Commissioners,* 44 Mich. 278; Pom. on Const. Law, § 169; *Lewis* v. *Meredith,* 3 Wash. C. C. 84.)

*Graves & Chapman,* and *J. H. McKune,* for Respondents.

Plaintiff had no right to purchase. The land is suitable for cultivation and he is not an actual settler and no contract was made with him prior to the adoption of the new Constitution, nor even yet. (Const. art. xvii., § 3; *Johnson* v. *Squires,* 55 Cal. 104.)

The State had a right to withdraw its lands or change the laws for their disposition. (*People* v. *Shearer,* 30 Cal. 645; *Hutton* v. *Frisbie,* 37 Cal. 475.) No contract to purchase is made until the certificate is issued. (*Eckart* v. *Campbell,* 39 Cal. 256.)

*J. M. Lesser, amicus curiæ,* in support of the judgment.

MYRICK, J.—A controversy arose before the surveyor-general of the State as to the conflicting claims of plaintiff and defendant regarding the purchase from the State of certain lands, which controversy was by the surveyor-general referred to the court below for determination.

The land was surveyed by the United States and listed to the State, and thereafter, July 14, 1870, Wilson made application

to purchase.    April 25, 1872, his application was approved, and
June 4, 1872, he made the first payment of the purchase money,
and received the register's certificate.    On the 20th of September,
1878, the plaintiff filed his application to purchase, and
demanded that the controversy be sent to the proper court for
adjudication.    The plaintiff was not in possession and has paid
nothing.    The plaintiff claims that defendant's application was
invalid, on the ground that there was no law in force at the date
of that application for the sale of land in lieu of the sixteenth
and thirty-sixth sections lost to the State.    The land is the west
half of section 28.

For the purposes of the controversy between the plaintiff and
defendant, it is necessary only to say that plaintiff has no right
to purchase the land.    Section 3, article xvii., of the Constitution
of this State declares: "Lands belonging to this State, which
are suitable for cultivation, shall be granted only to actual
settlers, and in quantities not exceeding three hundred and
twenty acres to each settler, under such conditions as shall be
prescribed by law."    The plaintiff was not an actual settler.
It is true, he made his application before the Constitution was
adopted, but he thereby acquired no rights which the State
could not annul; he had paid nothing.    This question was
directly considered and passed on in *Johnson* v. *Squires,* 55 Cal.
103.    So long as the statute remained in force, the plaintiff's
application might have been entitled to be considered, if
defendant's application was void; but when the statute was modi-
fied by the Constitution, he was obliged to bring himself within
the constitutional provision.    We note, as referring, in principle,
to the plaintiff's case, what is said by the court (by Sawyer,
C. J.) in *Hutton* v. *Frisbie,* 37 Cal. on pp. 490–498, regarding
pre-emption laws and the effect of their repeal.

In one of the briefs filed on behalf of appellant, the attorneys
who prepared the same were unfortunate in not having carefully
considered some of the cases cited, or in their construction of the
decisions.    In speaking of the decision in *Johnson* v. *Squires,* 55
Cal. 103, counsel said.    "All that the court said about the effect
of the new Constitution upon the judgment was *obiter dicta.*
There were no facts before the court upon which the constitu-
tional question could be decided."    Let us see what the opinion

of the court says. After holding that the defendant's application was not good, the court, *in terms*, and upon the ground that plaintiff was not in possession, and had paid nothing, applied to his application the provision of the Constitution, and held that under it the land could be granted only to an actual settler; and thereupon, holding that defendant's application was invalid, and that plaintiff could not, under the Constitution, purchase the land, reversed the judgment which had been rendered in favor of defendant, and declined to enter judgment for plaintiff (although his application was correct in form), and sent the case back for the parties to make such applications to amend their pleadings as they should be advised. How could counsel say "there were no facts before the court upon which the constitutional question could be decided," when the right of plaintiff to judgment turned upon that very question?

The counsel say : " In *Medley* v. *Robertson*, 55 Cal. 396, this court held that an application made prior to the adoption of the new Constitution was not affected by its provisions." Referring to the opinion and to the transcript and briefs, we find that the subject was not alluded to. The only questions decided in that case were as to when land should be deemed surveyed, and when the title to a particular sixteenth and thirty-sixth section vested in the State.

In citing *Pollard* v. *Putnam*, 54 Cal. 631, counsel say : " Plaintiff, an adverse applicant, had gone into possession, and article xvii. of the new Constitution was invoked in his favor and cited in the briefs; but the court decided in favor of defendant, virtually holding that the new Constitution had nothing to do with the case." In the briefs filed before the decision in that case in department, the constitutional provision was not referred to; neither was it mentioned by the court. After the decision in department, a substitution of attorneys took place, and the incoming attorney filing a petition for a hearing in Bank, raised the question. A hearing in Bank was denied, presumably for the reason that the court would not entertain questions raised in petitions therefor for the first time, on the ground that counsel should at first present their cases in this court in full and not piecemeal. In denying the hearing in Bank, the court modified the judgment in department, by sending the cause back for a

new trial—it may be, for the very purpose of permitting the constitutional question to be raised in the court below.

Citing the case of *Laugenour* v. *Shanklin*, 57 Cal. 76, counsel say : "In a similar case, this court in Bank said: 'Section 3 of article xvii. of the present Constitution has no application, for the reason that the rights of the petitioner attached to the land long prior to its adoption.'" Why did this court, in *Laugenour* v. *Shanklin*, say the present Constitution had no application ? Because, as counsel will observe, by reference to the facts of the case, the State had sold to Laugenour two land warrants, and Laugenour had paid $650 therefor into the State treasury, and when he made his application to purchase the land in controversy he *surrendered these warrants to the State*—thus paying for the land the price at which and in the mode through which the State had agreed to sell it.

We fail to see a single element, in either of these cases, to sustain the proposition on behalf of which they were cited.

As the State is not a party to this proceeding, it is not necessary to express any opinion as to the validity of the defendant's certificate; it is sufficient to say that the plaintiff has no right, and that the controversy, as between the two, should be decided against him.

The judgment of the court below, so far as it is against the plaintiff, and in favor of defendant for costs, is affirmed. In other respects, we express no opinion.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.