[No. 9341.   Department One. — December 28, 1885.]

MATHEW DILLON, RESPONDENT, v. J. D. SALOUDE ET AL.   THOMAS ST. LEGER, APPELLANT.

STATE LANDS — ACTION TO DETERMINE CONTEST — PLEADINGS. — In an action brought to determine a contest arising in the office of the surveyor-general as to the right of the contestants to purchase state lands, each party is an actor, and must allege in his pleadings all the facts upon

which he relies as showing his right to become the purchaser, and the steps he has taken to avail himself of such right; and failing to do so, he has no standing in court.

ID. — APPLICATION TO PURCHASE — ACTUAL SETTLEMENT — LAND NOT FIT FOR CULTIVATION — CONSTITUTIONAL LAW. — Article 17, section 3, of the constitution, providing that lands belonging to the state, which are suitable for cultivation, shall be granted only to actual settlers, prohibits a sale to one who is not an actual settler, even though his application to purchase was, made before the adoption of the constitution; but it does not prohibit the sale of land to an actual settler thereon, although the fact of his settlement was not stated in the affidavit accompanying his application; nor does it prevent or in any way affect the sale of lands not suitable for cultivation.

ID. — SIXTEENTH AND THIRTY-SIXTH SECTIONS — AFFIDAVIT OF APPLICANT — SECTION 3497 OF POLITICAL CODE CONSTRUED. — The amendment of 1880 to section 3495 of the Politital Code, requiring that a person desiring to purchase any portion of a sixteenth or thirty-sixth section shall state in his affidavit that he is an actual settler thereon, does not operate retroactively to invalidate an application previously filed in which no such statement is contained.

ID. — FITNESS FOR CULTIVATION A QUESTION OF FACT. — Whether state land, for which an application to purchase is made, is fit for cultivation or not, is a question of fact.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion.

*T. L. Carothers,* and *E. D. Sawyer,* for Appellant.

*J. A. Cooper,* for Respondent.

BELCHER, C. C. — This action was commenced to determine a contest, arising in the surveyor-general's office and referred to the court below, as to which of the parties was entitled to purchase from the state a certain half-section of school land.

In the complaint it is alleged that the plaintiff made his application to purchase the land on the thirteenth day of February, 1883, and filed therewith his affidavit, setting forth all the facts required by the statute at that time, and among others that he was an actual settler on the land; that the defendant Saloude filed his affidavit

and application to purchase the land on the twenty-third day of October, 1875, but that he never at any time was a settler thereon, or in the occupation of any part thereof; that the defendant St. Leger filed his affidavit and application to purchase the land on the tenth day of April, 1877, but that he never was a settler thereon, never resided thereon, and never was in the occupation of any part thereof.

The complaint did not allege that the land was suitable for cultivation.

The defendant Saloude demurred to the complaint, and his demurrer was overruled, and thereupon he declined to answer.

The defendant St. Leger answered, setting up his application to purchase the land, on the tenth day of April, 1877; and the facts stated in his affidavit, which were all the facts required by the statute then in force to be stated. He then alleged that the land was not suitable for cultivation, but did not allege that he was ever a settler thereon.

The plaintiff demurred to the answer, on the ground that it did not state facts sufficient to constitute a defense to the action, or to show that the defendant was entitled to purchase the land in controversy.

The court sustained the demurrer, and thereupon, after hearing testimony on the part of the plaintiff, entered judgment that the plaintiff was, and the defendants were not, entitled to purchase the land from the state.

The appeal is by St. Leger from this judgment.

The only question presented for decision is: Did the answer of the appellant state facts which, being proved, entitled him to purchase the land?

In cases of this kind each party is an actor, and "must state in his pleadings all the facts upon which he relies as showing his right to become the purchaser, and the steps he has taken to avail himself of and secure his right to make the purchase"; and failing to do that, he

has no standing in court. (*Cadierque* v. *Duran*, 49 Cal. 356; *Ramsey* v. *Flournoy*, 58 Cal. 260.)

It is not denied that appellant's application was in all respects proper and sufficient at the time it was made, but it is claimed that after the adoption of the new constitution in 1879, and the amendment of section 3495 of the Political Code, on the 28th of April, 1880, the land could only be sold to an actual settler thereon, and that as appellant's answer failed to state that he was an actual settler on the land, it was wholly insufficient.

In support of this view counsel for respondent cites *Johnson* v. *Squires*, 55 Cal. 103, and *Urton* v. *Wilson*, 65 Cal. 11.

The constitution provides that "lands belonging to this state, which are suitable for cultivation, shall be granted only to actual settlers." (Art. 17, sec. 3.)

This prohibited and made unlawful the sale of any land belonging to the state, which was suitable for cultivation, to one who was not an actual settler thereon, even though his application to purchase it was made before the constitution was adopted, and when settlement was not required. But it did not prohibit the sale of land to one who was an actual settler thereon, though the fact of his settlement was not stated in the affidavit accompanying his application.

Nor did it prevent or in any way affect the sale of lands which were not suitable for cultivation.

Section 3495 of the Political Code, as amended in 1880, requires that any one desiring to purchase any portion of a sixteenth or thirty-sixth section shall state in his affidavit, among other things, " that he is an actual settler thereon; . . . . that he desires to purchase the same for his own use and benefit, and for the use and benefit of no other person or persons whomsoever, and that he has made no contract or agreement to sell the same."

The words quoted were added to the section, and "are

to be considered as having been enacted at the time of the amendment," while "the portions which are not altered are to be considered as having been the law from the time when they were enacted." (Pol. Code, sec. 325.)

While the state may sell its lands to whom it pleases, upon such terms and conditions as it chooses to prescribe, there is nothing in the amendment showing any intention on the part of the legislature to cancel or make void any application theretofore filed.

The amendment applies only to applications thereafter to be made, and leaves those before made as they would have been if the amendments had not been passed.

This being so, the facts stated in appellant's answer were sufficient, and he was entitled to purchase the land, his other averments being true, if it was not suitable for cultivation. Whether it was suitable for cultivation or not was a question of fact which should have been found by the court.

The cases cited by counsel for respondent are not in conflict with the views here expressed. In neither of them was it claimed that the land was not suitable for cultivation, and the cases were therefore decided upon the assumption that it was suitable.

We think the court erred in sustaining the demurrer to the answer, and the judgment should therefore be reversed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, with directions to overrule the demurrer to the answer.