[No. 9580.    Department Two. — November 27, 1886.]

A. P. MOSELY, PLAINTIFF AND APPELLANT, *v.* S. H. TORRENCE, DEFENDANT AND APPELLANT.

SCHOOL LANDS — ACTION TO DETERMINE CONTEST — RIGHT TO PURCHASE — ACTUAL SETTLER — ADVERSE OCCUPATION. — The action was brought to determine a contest as to the right to purchase from the state part of a sixteenth section of land suitable for cultivation. The application of the defendant in proper form was made in June, 1879, at which time he had the land inclosed, except a small piece on which the plaintiff afterwards made his settlement. He has ever since kept up his inclosure, cultivated and improved portions of the land, and been in the actual occupation of it, except the small piece before mentioned, by his servants and employees, but has never personally resided on it. The plaintiff applied to purchase the land in August, 1882. Before making his application he settled upon the small piece outside of the defendant's inclosure, and has ever since been residing there with his family. In the affidavit accompanying his application he stated, among other things, that there was no occupation of the land adverse to his. *Held*, that neither party was entitled to purchase the land, — the defendant because he was not an actual settler thereon, and the plaintiff because his affidavit was defective in not stating that the land was in the adverse occupancy of the defendant.

ID. — STATE LANDS SUITABLE FOR CULTIVATION — PURCHASER MUST BE ACTUAL SETTLER — CONSTITUTIONAL LAW. — Section 3 of article 17 of

the constitution, providing that lands belonging to the state which are suitable for cultivation can only be sold to actual settlers thereon, operates as well on applications to purchase made before as after the constitution took effect.

APPEAL from a judgment of the Superior Court of Sonoma County.

Section 3495 of the Political Code, under which the respective applications of the parties to purchase were made, provides in effect that any person desiring to purchase a portion of the five hundred thousand acres of land granted to the state for school purposes, or of a sixteenth or thirty-sixth section, or lands selected in lieu thereof, situated in any township which has been surveyed by the United States, must make an affidavit that he is a citizen of the United States, or has filed his intention to become such, a resident of the state, of lawful age; that he desires to purchase such lands (describing the same by legal subdivisions) under the provisions of part 3, title 8, of the Political Code; that there is no occupation of such lands adverse to any that he has; or if there is an adverse occupation, the affidavit must show that the township has been sectionized three months, and that the adverse occupant (giving his name) has been in such occupation more than sixty days since the plat was filed in the United States land-office. The section further provides that if the land is suitable for cultivation, the affidavit must state that fact, and that the applicant is an actual settler thereon. The further facts are stated in the opinion.

*G. A. Johnson,* and *Rutledge & McConnell,* for Appellant Mosely.

*John Brown,* for Appellant Torrence.

BELCHER, C. C.—This action was commenced to determine a contest between the parties about the right to purchase from the state a part of a sixteenth section of

land in Sonoma County. The case was tried and judgment entered that neither party was entitled to purchase the land, and thereupon both parties appealed from the judgment.

It appears from the findings that the defendant made application to purchase the land in question in June, 1879, and the plaintiff in August, 1882, and that at the time of making his application each party possessed the qualifications required by law to entitle him to purchase school lands from the state. The defendant's application was in proper form, and at the time of making it, he had all the land inclosed, except a small piece on which plaintiff afterward made his settlement. He has ever since kept up his inclosure, and has cultivated portions of the land, and been in the actual occupation of all of it, except the small piece before mentioned. Prior to August, 1882, he had placed improvements on the land of the value of three thousand dollars, consisting of a good house and barn and a half mile of picket fence, and had planted a vineyard of eight acres. He has never personally resided on the land, but has occupied and managed it by servants and employees.

Before making his application, the plaintiff settled upon the small piece outside of the defendant's inclosure, and has ever since been residing there with his family. In the affidavit on which his application was made, he stated, among other things, "that there is no occupation of said lands adverse to any he has."

Upon these facts the court below found, as conclusions of law:—

"*First*— The said Torrence is not, and never has been, an actual settler on said land.

"*Second*—The said application of Mosely is defective, because he falsely states that there is no occupation of said lands adverse to him.

"*Third*— That neither of said parties were entitled to purchase said land from the state of California."

1. Under the provisions of the new constitution, adopted in 1879, lands belonging to the state, which are suitable for cultivation, can only be granted to actual settlers thereon. (Art. 17, sec. 3.) And the restriction operates as well on applications made before as after the constitution took effect. (*Johnson* v. *Squires*, 55 Cal. 103; *Dillon* v. *Saloude*, 68 Cal. 267.)

. Actual settlement means actual residence; and as the defendant never had any actual residence on the land in question, it is clear that the judgment, so far as it affected him, was the proper one to be entered.

2. It is claimed for the plaintiff that his affidavit was not false or defective in any respect, because, as the defendant was not an actual settler on the land, and therefore not entitled to purchase it himself, his occupation of it was not an adverse occupation within the meaning of section 3495 of the Political Code.

The same point was made in *McKenzie* v. *Brandon*, *ante*, p. 209. In that case McKenzie sought to purchase land, a part of which was in possession of Brandon, and made an affidavit like that made by the plaintiff here. Brandon was not himself entitled to purchase the land, but it was held that McKenzie's affidavit was not such a one as was required to give him a right to purchase, and that he therefore acquired no rights by making it.

We are satisfied with the conclusions reached in that case, and the judgment here, as to both parties, should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.