[No. 2,322.]

# E. H. HILDEBRAND *v.* C. E. STEWART.

LOCATION OF SIXTEENTH OR THIRTY-SIXTH SECTION.—A location and entry of any portion of a sixteenth or thirty-sixth section, made under the Act of April 27th, 1863, is invalid, and fails to vest any title in the locator, provided there was a settlement, by occupation or improvement, on any part of the section, owned by another, who had acquired no preëmption right to a specific part of the section, and the locating agent did not give the occupant or claimant of such improvement the notice of sixty days required by the fifth section of said Act.

IDEM.—A house and corral are improvements of the character contemplated by the fifth section of the Act of April 27th, 1863, providing for the sale of certain lands belonging to the State.

IDEM.—The location and entry of any portion of a sixteenth or thirty-sixth section is invalid, if the affidavit of the locator, on his application to locate and purchase, does not state that he is desirous to purchase the land, and does not give a description thereof by legal subdivisions. A statement, signed by the applicant and not sworn to, containing the same matters required in the affidavit, and accompanying the affidavit, does not render the entry valid.

RIGHT TO PURCHASE PUBLIC LANDS.—When the law, under which public lands are sold, requires certain acts to be performed as a prerequisite to the right to purchase, the Courts cannot dispense with the performance of those acts, by legalizing an entry made without complying with them.

APPEAL from the District Court of the Tenth Judicial District, Colusa County.

The following is the application made by defendant, November 20th, 1867, and the affidavit accompanying the same:

"MARYSVILLE LAND DISTRICT, }
November 20th, 1867. }

"Location No. 491.

"To STATE LOCATING AGENT: I, Charles E. Stewart, of Colusa County, State of California, do hereby apply under the provisions of an Act entitled 'An Act to provide for the sale of certain lands belonging to the State,' approved 27th April, 1863, to purchase and locate the following described land in Colusa County: the southwest quarter and northwest

quarter, and the northeast quarter of the southwest quarter of section sixteen, township fourteen north, range three west, Mount Diablo base and meridian, containing one hundred and twenty acres according to the returns of the U. S. Surveyor General, and which I agree to accept in lieu of the full amount of one hundred and twenty acres, for which I agree to pay to the State of California one dollar and twenty-five cents per acre, in the following manner, viz: twenty per cent of the purchase money, together with interest on the balance at the rate of ten per cent per annum in advance, from the date of location in the Locating Agent's office.

" This location has been made by me in lieu of

" CHARLES E. STEWART."

" AFFIDAVIT OF LOCATION.

" Location No. 491.        }     STATE OF CALIFORNIA,
MARYSVILLE LAND DISTRICT, }        County of Colusa.

" I, Charles E. Stewart, of Colusa County, State of California, being duly sworn, depose and say, that I am a citizen of the United States, and resident of the State of California, of lawful age; that I am an applicant for the purchase and location of the above described lands; that the same are unoccupied by any person other than myself; and that, to the best of my knowledge and belief, there is no valid claim existing upon the lands so described adverse to the claim I hold and apply to be located; and that there is no improvement of any description upon said land other than my own.

" Witness my hand,        CHARLES E. STEWART.

" Sworn and·subscribed to before me this nineteenth day of November, A. D. 1867.

" J. G. TREADWAY, Notary Public."

The fifth section of the Act of April 27th, 1863, provides that " whenever a settlement is or has been made by occu-

pation· or improvement upon any portion of a sixteenth or thirty-sixth section of any of the public lands in this State, the locating agent of the district in which such land is situated shall, if such occupant has not acquired a preëmption right to such land, notify such occupant or claimant of the fact that he is upon lands belonging to the State, and that he must make application to purchase the same of the State within sixty days, or forfeit all rights to the land. If such occupant or claimant shall neglect or refuse to make such application to purchase within the sixty days above named, said land shall be subject to location and sale in the manner provided for the · sale of other sixteenth and thirty-sixth sections, with the exception that the affidavits in regard to occupancy and improvement may be omitted."

The other facts are stated in the opinion.

*W. C. Belcher* and *W. F. Good*, for defendant Stewart.

*C. D. Semple*, for plaintiff Hildebrand.

By the Court, Sprague, J.:

This was a contest arising before the Surveyor General, between two conflicting applicants for the location and purchase of the west half of section sixteen of the school lands òf this State, situate in Colusa County, which was, under the statute of the State, transferred for adjudication to the Tenth District Court, where the questions were litigated between the applicants—Hildebrand as plaintiff, and Stewart as defendant—and judgment was rendered in favor of plaintiff for the southeast quarter of the southwest quarter of said section, and in favor of defendant for the residue of the half section in controversy, from which judgment both parties appeal.

From the findings of the Court contained in the record, it appears that defendant endeavored, by two separate applica-

tions, to locate the southwest quarter of said section, under the Act of April 27th, 1863, entitled "An Act to provide for the sale of certain lands belonging to the State." (Statutes of 1863, p. 591.) The first application by defendant was made November 20th, 1867, for the location of the southwest quarter and northwest quarter, and the northeast quarter of the southwest quarter, of said section sixteen, which application was accepted by the State Locating Agent on the 17th of December, 1867, approved by the State Surveyor General April 8th, 1868, and a certificate of purchase issued by the State Register to defendant therefor July 20th, 1868.

The second application of defendant was made May 6th, 1868, for the southeast quarter of the southwest quarter of said section, which application was approved by the Surveyor General on the 5th day of January, 1869.

That defendant, on the 9th day of June, 1863, made application to locate and purchase the northwest quarter of the same section, under the Act of March 28th, 1868, entitled "An Act to provide for the management and sale of the lands belonging to the State" (Statutes of 1867–8, p. 507), which application was accepted by the Surveyor General on the 12th day of June, 1868; and thereafter, in December, 1868, a certificate of purchase was duly issued therefor, to defendant, by the State Register. These several locations of defendant embraced the entire west half of said section sixteen.

That on the 6th day of February, 1869, plaintiff made application to locate and purchase the same half section, under said Act of March 28th, 1868, which application was duly accepted by the Surveyor General of the State, upon condition that applicant-comply with all the provisions of said Act of March 28th, 1868.

It further appears that, as early as 1860, a house and corral was built upon said half section, being upon the southeast

quarter of the southwest quarter thereof, but by whom they were built does not appear; that said house was occupied, at various times, by sheep shearers and other lessees of an adjoining tract of land, owned by a company known as the "French Company;" that about the 1st of November, 1868, the plaintiff leased the adjoining tract of land, owned by the French Company, and thereupon entered into the possession of said house, which was then vacant, and continued to occupy it until the 5th day of February, 1869, when he bought of W. H. Good, who claimed, in selling it, to be acting for one Chamin, who had succeeded to the title of the French Company to said adjoining tract of land; that Good supposed the house was on the land of the French Company until after December 1st, 1868.

It further appears that no notice was given by the State Locating Agent, as provided by the fifth section of the Act of April 27th, 1863, above referred to.

From the foregoing facts, it seems very clear that the locations of the southwest quarter of section sixteen, attempted by defendant in his separate applications of the 20th of November, 1867, and 6th of May, 1868, under the said Act of April 27th, 1863, were both invalid and ineffectual to vest in him any right to the lands described in his applications, by reason of the absence of the notice to the occupant or claimant of the house and corral then located upon said section sixteen, as required by section five of said Act of 1863. That a house and corral are improvements of the character contemplated by the statute, requiring such notice, we have no doubt; and under this statute, during the existence of such improvements upon any portions of a sixteenth or thirty-sixth section of the public lands, unless the party occupying or claiming such improvements has acquired a preëmption right to some specified part of such section, no valid location of any portion of such section can be made by a stranger to such improvements until sixty days shall have

elapsed after the notice required by section five has been given, and the evidence of such notice having been given must accompany the application.

The statute of March 28th, 1868, above referred to, in direct terms repeals the said Act of April 27th, 1863, but protects parties who were in the occupancy of any portions of sections sixteen or thirty-six at the date of the passage of the Act, by giving them six months from the date of its passage within which to make location and purchase under the new Act. (Statutes of 1867–8, p. 522, Sec. 23.)

This Act took effect May 28th, 1868, sixty days after its passage.

Defendant's application to locate and purchase the northwest quarter of said section sixteen is defective and invalid, by reason of the affidavit upon which the application was made failing to state the facts required by section fifty-two of the Act.

The statute requires the applicant who desires to purchase any portion, not less than the smallest legal subdivision, of a sixteenth or thirty-sixth section, to make affidavit stating certain facts, among which are, "that he or she is desirous to purchase said lands (giving a description thereof by legal subdivisions) under the provisions of this Act."

The affidavit of defendant of June 9th, 1868, for the northwest quarter, fails to state that he desired to purchase the land under the Act of March 28th, 1868, and fails to describe the land by legal subdivision, or otherwise. This positive requirement of the statute being omitted, or not complied with, the application was invalid and nugatory.

The Legislature has thought proper to require the above facts to be embodied in an affidavit of the applicant, and it is not for the Court to determine that the same items may as well be embodied in a statement of the applicant *not* verified by his oath, or to sanction a different form or mode of

proceeding in the purchase of these lands from that pre-
scribed by the legislative department.

The second application of defendant for the purchase of
the southeast quarter of the southwest quarter of said sec-
tion sixteen, made January 11th, 1869, the Court below
finds to be "the same in form and substance" as the one of
June 9th, 1868, just commented upon; hence, as appears by
the record, the defendant has never made application for the
purchase of any portion of the lands in controversy in con-
formity with the law in force at the time such application
was made, and is not entitled to purchase any portion thereof
by virtue of such application.

The application of plaintiff of the *sixth* of February seems
to have been strictly in conformity with the Act of March
28th, 1868, and entitles him to purchase the entire west half
of section sixteen, in township fourteen north, of range
three west, Mount Diablo base and meridian.

The judgment of the District Court is therefore reversed,
and said Court is directed to enter judgment for plaintiff
Hildebrand in accordance with this opinion.

Mr. Justice TEMPLE did not express an opinion.