[No. 3,373.]

## NATHAN F. WOODS *v.* E. W. SAWTELLE.

46  389
82  573
46  389
83  800

PURCHASE OF STATE LANDS.—An application to purchase State lands must conform to the statute, or it is invalid.

APPLICATION TO BUY STATE LANDS.—An application to purchase State school land, made under the Act of 1868, must, if there is an adverse occupation of the land under a settlement made more than six months after the passage of the Act, state that fact, and that the adverse occupant has been in such occupation more than sixty days, and that the township has been sectionized and subject to preëmption three months or over.

IDEM.—The approval, by the Surveyor General, of an application to purchase State lands, does not raise the presumption that the application conformed to the statute.

APPEAL from the District Court, Second Judicial District, Butte County.

The Court below rendered judgment for the plaintiff, and the defendant appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*J. L. Ashford,* for Appellant.

The Act of March 28th, 1868, only protected the plaintiff for six months after its passage, after which time he lost all preference of right to buy from the State.

*W. C. Belcher,* for Respondent.

The statute provides for two classes of cases :

First—When the land is occupied by the applicant, or not occupied at all.

Second—When the land is adversely occupied, but the occupant, having the right to purchase, has neglected or refused to do so for more than sixty days.

In the first class the party desiring to purchase must, and can truly, state in his affidavit "that there is no occupation of said lands adverse to that he now holds."

In the second class, he must state that the township has been sectionized and subject to preëmption three months or over; must give the name of the occupant, and must state that the occupant has been in such occupation for more than sixty days.

The defendant, in making his affidavit, placed himself in the first class, and stated falsely that there was no occupation of the land adverse to that he then held, while, as he then knew, the plaintiff had the whole of it inclosed, and had been, for more than two years, in the actual, adverse, and exclusive occupation of it.

It it true, the plaintiff had slept upon his rights so long that he had lost the preference given him by the fifty-third section; but he had the right to apply for the land at any time, until sombody else should acquire a right to purchase it, by making the application required by the act for the second class.

By the Court, RHODES, J.:

This is an action to determine a contest in respect to the right to purchase from the State certain portions of a sixteenth section of public land. The cause was submitted upon the pleadings, and a stipulation by which the parties agreed to certain facts. The plat of the survey of the township was returned to the Register of the proper Land Office, in 1862. For more than one year prior to March 28th, 1868, the plaintiff was, and from that time has been, in the possession of the lands. On the 19th day of December, 1870, the defendant made an application to purchase the lands, and on the 27th day of February, 1871, the Surveyor General approved the application, and subsequently a certificate of purchase was issued to him. In February, 1871, the plaintiff made an application to purchase the lands, but the Surveyor General refused to approve the application. Both

applications were made under the Act of March 28th, 1868. (Stats. 1867–8, p. 507.)

That Act (Secs. 52 and 53) secures to the occupant of a portion of a sixteenth or thirty-sixth section, the prior right to purchase the same, for the period of six months after the passage of the Act, or for the period of sixty days after his settlement on the land, when such settlement was made after the expiration of six months after the passage of the Act. If such occupant does not make an application to purchase within the periods above mentioned, any other person may make an application to purchase the lands; and if made in due form, and prior to any other application,•he gains a preference over the occupant.

The facts which such application (the affidavit) must contain, are recited in section fifty-two. It is provided, among other things, that if there is no occupation adverse to that of the applicant, he must so state; and if there is an adverse occupation, he must state that fact, and " that the township has been sectionized and subject to preëmption three months or over, and that said adverse occupant (giving his or her name) has been in such occupation more than sixty days."

The rule is well established, that an application to purchase lands of the State must conform to the statute, or it will be regarded as invalid; that the applicant is not entitled to purchase the lands unless the applications state the requisite facts. (*Hildebrand* v. *Stewart,* 41 Cal. 387.) Neither the pleadings nor the stipulation states that the defendant's application set forth the fact that the plaintiff had been in the adverse occupation of the lands more than sixty days before the application was made, though the township had been sectionized many years before that time, and the plaintiff had been in the adverse occupation of the lands more than a year.

It is contended, however, that because the Surveyor General approved the application it will be presumed that it

conformed to the statute; but we are of the opinion that the defendant cannot rely on that presumption in this action. The action is brought to determine which of the parties has the better right to make the purchase, and it becomes necessary for each party to state directly all the facts upon which he relies to show that his is the better right. In our opinion, the defendant's application to purchase, should have stated that the plaintiff was in the adverse occupation of the lands more than sixty days before his (the defendant's) application was made, and that for the want of such statement, it is not in the form prescribed by law.

Judgment and order affirmed.

Mr. Justice BELCHER, being disqualified, did not sit in the case.