[No. 3,867.]

# FERNANDO CADIERQUE v. FRANCISCO DURAN AND ROBERT BROWN.

CONTEST ABOUT PURCHASE OF STATE LAND. — When a contest in the Surveyor-General's office, in relation to the right to purchase land from the State, is referred to the proper Court for determination, the parties who are applicants to purchase must each state, in his pleading, all the facts upon which he relies, as showing his right to become a purchaser, and the steps which he has taken to secure his right to purchase.

IDEM.—If one party merely protests against the approval of an application of another, he must state the facts constituting the ground of his opposition.

IDEM.—In such contest, an applicant to purchase, and one who protested against the approval of his application, should not be joined in the same answer.

IDEM.—In such contest, an averment in the answer of one who protested against the approval of the application..of another, that his protest was filed under a mistake, is not equivalent to a withdrawal of the protest, and, until his protest is withdrawn, he is to be regarded as protesting.

IDEM.—A disclaimer in an answer, in such contest, cannot be regarded, if the one who disclaimed afterward answers.

CONVEYANCE BY APPLICANT TO PURCHASE STATE LAND. — A party who has only filed an application with the Surveyor-General to purchase State land, has acquired no right in the land which he can transfer to another.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The complaint was filed on the 21st day of March, 1872. On the 31st of May following, defendant Duran filed and served on the plaintiff's attorneys a disclaimer of all interest in the "subject-matter of the controversy." June 12, 1872, Duran and Brown filed a joint answer, and, on the 2d of April, 1873, they filed another joint answer.

The substance of these answers was that defendant Duran had conveyed to defendant Brown all his interest in the land, and only appeared for the purpose of enabling Brown to have the benefit of his right to purchase, and that Brown filed with the Surveyor-General a protest against the approval of Duran's application to purchase under a mistake, and that, as he had purchased Duran's right to the land, he desired to have his application approved. There were

many other allegations in the answer not material to the points decided.

The other facts are stated in the opinion.

*A. Brunson,* for the Appellant.

*O'Melveny & Hazard,* for the Respondents.


By the Court, RHODES, J.:

Duran applied to the Surveyor-General in 1868 to purchase from the State the west half of the south-east quarter of section 7, township 2 south, range 13 west, of San Bernardino meridian. The land was listed to the State November 24, 1871. The plaintiff in 1871 filed a protest against the approval of the location made by Duran; and on the 8th of January, 1872, defendant Brown also filed a like protest; and on the 12th of January, 1872, the plaintiff applied to the Surveyor-General to purchase the same lands. The Surveyor-General referred the contest to the District Court for determination. The Court gave judgment for the plaintiff for the north half and for Duran for the south half of the lands in controversy. The plaintiff's motion for a new trial having been denied, the appeal is taken from the judgment in favor of Duran and the order denying the motion for a new trial.

When a contest, originating in the Surveyor-General's office, in relation to the right to purchase lands from the State, is referred to the proper Court for determination, if all the parties are applicants for the purchase, each must state, in his pleadings, all the facts upon which he relies as showing his right to become the purchaser, and the steps he has taken to avail himself of and secure his right to make the purchase. If one of the parties merely protests against the approval of the application of another party, he must state the facts constituting the grounds of the contest, as for instance that he has acquired the title from the United States, or that he has the right of preëmption, stating the facts upon which his right is based. It is manifest that the issues which the Surveyor-General refers to the Court,

will not be presented for trial by the parties, unless they aver the facts upon which they respectively rely, as entitling them to become the purchasers of the land from the State, or the facts upon which their protest is grounded.

The pleadings in this case, both on the part of the plaintiff and the defendant, are insufficient when tested by these rules; but the answer is far more defective than the complaint. It is unnecessary to specify the several objections in detail, for the rules we have just stated, will enable the pleader to detect the defects in his pleading. It should be mentioned, however, that there is an incompatibility in the joinder, in the same answer, of Duran, an applicant to purchase, and Brown, who protested against the approval of Duran's application to purchase. If the purpose for which Duran desired his application to be approved be legal, it need not be stated; if it be illegal, it might, if averred, defeat the application. The averment by Brown that his protest was filed under a mistake of fact is not equivalent to a withdrawal of it; and until that is done, he is to be regarded as protesting against the approval of Duran's application.

The disclaimer of Duran, filed as an answer to the original complaint, cannot be regarded for the purposes of judgment, for it was superseded by the last amended answer to the amended complaint.

Much reliance seems to be placed on an averment of the answer to the effect that Duran at some time, which is not stated, conveyed to Brown all his right and interest in the south half of the lands in controversy, as amounting to a transfer to Brown of Duran's right to purchase the lands from the State. But in our opinion, a party who has only filed an application to purchase, has acquired no right which he can transfer to another.

Judgment in favor of Duran and order reversed, and cause remanded, with leave to the parties to amend their pleading, the costs to abide the event of the action.

Remittitur forthwith.

Mr. Justice NILES did not express an opinion.