[No. 7,521.—Department Two.]

## J. B. RAMSEY v. J. D. FLOURNOY ET AL.

SWAMP LAND—CONTEST OF RIGHT TO PURCHASE—ANSWER—PLEADING.—
In an action to determine conflicting claims to purchase State land upon a contest referred to the Court by the Surveyor-General, it is necessary for the defendant to show in his answer that he is entitled to purchase the land claimed by the plaintiff in order to give him a standing in Court; the mere denial of the plaintiff's right without the allegation of facts showing a right in the defendant will not raise any contest between the defendant and plaintiff.

ID.—ID.—ID.—ID.—In such an action where the defendant claims to be a preferred purchaser of swamp land under the Act of April 4th, 1870, on the ground of settlement prior to the survey, he must allege in his answer that the land was "occupied for the purposes of tillage or grazing," and (if the plat has been filed) that within ninety days after the filing, he filed an application to have his possessory claim surveyed.

ID.—DEMURRER—PRACTICE.—After a demurrer is sustained to an answer, the defendant is practically out of the case, and his objections to the subsequent proceedings can not be considered.

APPEAL from a judgment in the Twenty-first District Court, Modoc County.   CLOUGH, J.

The plaintiff and certain defendants demurred to the answer of the defendant Dorris.   The demurrer was sustained, and the defendant Dorris appealed from the judgment entered thereon.

*E. M. Barnes*, for Appellant.

The demurrers being taken to the whole answer, and the answer containing two counts, one of which states facts sufficient to constitute a defense, the demurrers should have been overruled.   (*Whiting* v. *Heslep et al.*, 4 Cal. 330; *Weaver* v. *Conger*, 10 id. 238; *Griffiths* v. *Henderson*, 49 id. 570.)

*J. D. Goodwin*, for plaintiff Respondent.

*E. V. Spencer*, for respondents Flournoy, Bayley, and Gary.

SHARPSTEIN, J.:

This is a case of conflicting claims to a certain tract of swamp and overflowed land, referred by the Surveyor-General of this State to one of the late District Courts for a final

determination. Appellant, Dorris, one of the defendants, filed an answer, which was demurred to, on the ground "that it appears upon the face of said defendant's answer that he is not entitled to purchase any portion of the land claimed by the plaintiff herein." The demurrer was sustained and judgment by default entered against appellant, from which he has appealed.

The demurrer was, doubtless, to the whole answer, and if there be more than one count in it, and all are not bad, the demurrer should have been overruled. As we understand the law, it was necessary for the defendant to show in his answer that he was entitled to purchase the land claimed by the plaintiff, in order to give him a standing in court. The mere denial of the plaintiff's right to the land would not, without the allegation of facts showing a right in himself, raise any contest between the defendant and plaintiff. Therefore, we think that appellant's counsel is mistaken in the view which he takes of the denials in the answer. As we interpret the law, those denials alone would constitute no defense in this particular action. An answer containing nothing more might properly be disregarded or stricken out. It would not be sufficient to entitle the defendant interposing it, to a hearing in the case. If not, it would seem to follow that the defendant's denials can not be treated as constituting an independent count in his answer, and that the demurrer was properly sustained, unless the answer shows that the appellant had a right to purchase the land or some portion of it.

The appellant's right to contest that of respondent to purchase the land in controversy depends upon his (appellant's) right to be deemed a preferred purchaser under the act of April 4th, 1870. (Stats. 1869–70, 878.) That statute recognizes "all settlers upon the swamp and overflowed lands belonging to the State, whose settlement is evidenced by actual inclosure, or by ditches, plow furrows, or monuments showing clearly the metes and bounds of their possessory claim, and the same are occupied for purposes of tillage or grazing," as possessing an equitable claim, and entitling them to be deemed preferred purchasers for the period of ninety days after the filing of plats in the United States Land Office of the district in which such land is situated, showing the line

of segregation established by authority of the United States. It is alleged in the answer of appellant that this land was surveyed and segregated by authority of the United States in the year 1876. It is not alleged that the land was "occupied for the purposes of tillage or grazing," or that the appellant within ninety days after the filing of said plat showing said line of segregation filed an application to have his possessory claim surveyed.

From which we think it follows: (1) That the answer does show that the appellant could be deemed a preferred purchaser; (2) that it does not show that his right to be deemed such, if it ever existed, was not waived by his neglect to apply for a survey of his claim within ninety days after the filing of the plat, showing the line of segregation, in the United States Land Office.

If the demurrer was properly sustained the appellant was thereafter practically out of the case; and his objection to subsequent proceedings can not be considered, because he was not and could not be in any way affected by them. His right to be heard depended upon the question of his right to purchase, and when it was determined that he had no right to purchase, his right to be heard in the case terminated.

Judgment affirmed.

MYRICK, J., MORRISON, C. J., and THORNTON, J., concurred.