## GILSON v. ROBINSON.*

### No. 8268; June 23, 1885.

#### 7 Pac. 428.

**State Lands.**—A Certificate of Purchase Issued to One of Two Applicants for certain state lands is not conclusive (in a contest to determine the right of the applicants to acquire title from the state to such land) of the right of the holder of such certificate to purchase as against the other applicant, who is in adverse possession of the land; each party to such contest must prove the right which he asserts and claims, and he has no enforceable claim in absence of proof of the facts upon which such right depends.

**State Lands.**—A Certificate for the Purchase of State Lands is Void if issued before the plat of survey of the township has been approved by the government officer or filed in the proper office.

APPEAL from the Superior Court of the County of Monterey.

Wm. H. Webb for appellants; T. Beeman for respondent.

*For subsequent opinion in bank, see Gilson v. Robinson, 68 Cal. 539, 10 Pac. 193.

McKEE, J.—This is a contest involving the right to acquire title from the state to the southeast quarter of section 36, in township 15 south, range 2 east, Mount Diablo meridian. The right was awarded to the plaintiff, and from the judgment defendant appeals. The first application to purchase was made by the defendant. On the 21st of October, 1870, he filed his application in the office of the surveyor general of the state. On the 29th of December, 1873, the surveyor general approved it; the applicant made the first payment as required by the statute under which the application was made, and the register of the state land office issued to him a certificate of purchase.

The defendant was not in possession of the land when he applied to purchase it; and, in fact, it was in the actual adverse possession of another, who had settled upon it in the year 1869, inclosed part of it with a substantial inclosure, within which he made valuable improvements, and resided until the year 1871, when he sold and conveyed the entire tract to the mother of the plaintiff, who, having entered under her deed, occupied and used the land until 1873, when she died upon the land, leaving the plaintiff, as her only son and heir at law, in possession; and he has, since her death, had actual possession. The approved plat of the survey of the township in which the land is situated was not filed until the 27th of November, 1874; and after the same had been filed, the plaintiff, on the 13th of January, 1875, being in the actual possession of the land described on the plat as the southeast quarter of section 36, range 2 east, Mount Diablo meridian, made and filed an application to purchase the eighty acres of the said quarter section upon which his building and improvements were located; and afterward, on the 5th of April, 1876, before any action was taken upon his application, and before any intervening adverse rights in or to the quarter section had accrued or attached, he amended the applications asking to be allowed to purchase the entire quarter section, of which he was in the actual possession. Each applicant, at the time of his application, was qualified and competent to purchase.

In the trial of the contest the defendant gave no evidence tending to prove that in the application which he made he based his right to purchase upon occupancy in himself or

want of occupancy by anyone else. He rested his right solely upon the approval of his application by the surveyor general, and upon the certificate of purchase issued to him by the register of the state land office, and payment of the first installment of the purchase money. But the certificate of purchase did not vest him with the title to the land; the title remained in the state, and the payment gave him merely an equity as against all persons who had not a prior or paramount right to purchase from the state. The issuance of the certificate was therefore not conclusive of his right to purchase, as against the plaintiff, who was, in fact, in the adverse possession of the land. Section 1925, Code of Civil Procedure, declares that the apparent right of the holder of such a certificate "may be overcome by proof that, at the time of the location, . . . . the land was in the adverse possession of the adverse party as those under whom he claims." The plaintiff, being in the adverse possession, had, therefore, a paramount right to purchase: Conlan v. Quinby, 51 Cal. 413. Besides, as to him the certificate was void, because it was issued before the plat of survey of the township had been, by the government officer, approved or filed in the proper office: Medley v. Robertson, 55 Cal. 396.

Under these circumstances the defendant could not predicate a right to purchase merely upon the approval of his application by the proper officer of state. No presumption arises from that fact in his favor, that his application stated the requisite facts to entitle him to the right. In a contest as to such a right between himself and another, each party is an actor, and he is bound to prove the right which he asserts and claims. In the absence of proof of the facts upon which the right depends, he has no enforceable claim: Hildebrand v. Stewart, 41 Cal. 287; Woods v. Sawtelle, 46 Cal. 391.

Judgment affirmed.

I concur: McKinstry, J.

I concur in the judgment: Ross, J.