[No. 9008.   Department One. — January 29, 1886.]

VOLNEY CUSHING, RESPONDENT, *v.* JACKSON KESLAR ET AL.   CHARLES KESLAR, APPELLANT.

UNIVERSITY LANDS — CONTEST AS TO RIGHT TO PURCHASE — ACTION TO DETERMINE — PLEADINGS — JUDGMENT. — The action was brought to determine a contest which had arisen in the land-office of the university of the state between two opposing applicants to locate and purchase the land in question.  The plaintiff was the first applicant, and the court rendered judgment in his favor on the pleadings without hearing any evidence.  The answer denied the allegation of the complaint that the land had been selected by the land agent of the university as a part of the one hundred and fifty thousand acres of land granted to the state for an agricultural college, and also the allegation that there were no im-

provements on the land when the plaintiff filed his application to purchase. *Held*, that the judgment was erroneous, and that the denials were sufficient to put the plaintiff to proof of his allegations as to the selection of the land and his right to purchase it.

ID.—RIGHT TO PURCHASE MUST BE AVERRED AND PROVEN.—In such an action, each party is an actor, and must allege and prove all the facts upon which he relies as showing his right to become a purchaser, and the steps he has taken to avail himself of and secure his right to make the purchase.

APPEAL from a judgment of the Superior Court of Monterey County.

The facts are stated in the opinion of the court.

*S. F. Geil, H. V. Morehouse,* and *R. H. Willey,* for Appellant.

The material allegations of the complaint being specifically denied, the court had no power to render judgment on the pleadings. (*Ghirardelli v. McDermott,* 22 Cal. 539; *Nudd* v. *Thompson,* 34 Cal. 39; *Amador Co.* v. *Butterfield,* 51 Cal. 526; *Farmers' etc. Bank* v. *Christensen,* 51 Cal. 571; *Craig* v. *Bateman,* 49 Cal. 71; Code Civ. Proc., sec. 437; *Tyler* v. *Houghton,* 25 Cal. 30; *Thompson* v. *True,* 48 Cal. 608; *Cunningham* v. *Crowley,* 51 Cal. 128; *Christman* v. *Brainard,* 51 Cal. 534.)

*W. H. H. Hart, A. R. Cotton,* and *William Shipsey,* for Respondent.

Judgment on the pleadings was properly rendered. (*Doll* v. *Good,* 38 Cal. 287; *Ramsey* v. *Flournoy,* 58 Cal. 260.)

McKEE, J.—A contest having arisen in the land-office of the university of the state between two opposing applicants to locate and purchase a tract of land in Monterey County, described as the northeast quarter of the northeast quarter of section 6, in township 18 south, range 1 east, Mount Diablo base and meridian, the land agent of the university, under the provisions of an act

entitled "An act concerning the selection and sale of university lands," approved March 13, 1874, and amended April 9, 1880 (Deering's Pol. Code, p. 354), made an order referring the contest to the Superior Court of Monterey County for hearing and determination.

Pursuant to the order, Volney Cushing, the first applicant, commenced an action in said court against the adverse applicants, Jackson and Charles Keslar; each of them appeared in the action and filed an answer. The answer of Jackson contained a disclaimer of any right to purchase the land, and the answer of Charles contained certain denials of the allegations of the complaint. Upon these pleadings the plaintiff in the action submitted the case for decision; and the court, without hearing any evidence, decided that the plaintiff was entitled to purchase the land, and that the defendant Charles was not, and gave judgment accordingly in favor of the plaintiff against the defendant Charles, for costs.

We think the judgment was irregular and erroneous, for although the answer of Charles was, in form and matter, in many respects objectionable, it contained such denials of material facts as imposed upon the plaintiff the burden of proof before judgment could be rendered.

The objectionable parts of the answer were denials of allegations assumed to have been made between lines in the complaint which the pleader designated by numerals; but the lines in the complaint as it appears in the record are not numbered, and the particular matter which the denials were intended to controvert is not apparent,— *quod non apparent non est;* the denials were, therefore, bad in form and insufficient in substance. An answer should either directly deny the facts as alleged, or confess and avoid them; otherwise it is, as a pleading, ambiguous and evasive.

But the answer did deny the allegation of the complaint that the land involved in the contest had been selected by the land agent of the university, as part of the one

hundred and fifty thousand acres of land granted to the
state for an agricultural college; also the allegation that
there were no improvements on the land when the plain-
tiff filed his application to purchase it; and it affirma-
tively averred "that said plaintiff well knew that when
he made his application for said land that there were
improvements on the same consisting of a small house
and fences, the property of the defendant Charles Keslar."

These denials were sufficient to put the plaintiff to
proof of his allegations of the selection of the land, and
of his right to purchase it.   (*Tyler* v. *Houghton*, 25 Cal.
26.)

Even if the court could assume from the pleadings that
the land agent of the university, under the provisions of
sections 3533 and 3534, Political Code, had selected the
land as a portion of the agricultural-college lands subject
to sale by the regents of the university, yet the plaintiff
was bound to prove that he was qualified to purchase.
For that purpose the law required that he must state in
his affidavit "that there are no improvements of any
kind on the land other than those of the applicant."
That statement was made in the affidavit filed by the
plaintiff on the 17th of June, 1881; but subsequently,
on the 5th of July, 1881, he filed another affidavit, in
which it was stated "that there were no improvements
on said land except an abandoned cabin, some pickets
driven in the ground, which improvements are the prop-
erty of Charles Keslar, and have been upon the land for
three months or over; and that the township has been
sectionized, and the plats of survey filed in the land-
office of the district in which the land is located, for three
months or over"; and in his complaint he alleged "that
the improvements are not and never were on said land."

The allegations were specially denied, and it was neces-
sary for the plaintiff to prove them.

But it is contended that as the defendant by his answer
did not claim to be an applicant to purchase the land, he

abandoned his right by failing to assert it, and that, in consequence, the plaintiff was entitled to judgment upon the pleadings.

The complaint, however, contains the allegations, —

That on, to wit, the sixth day of December, A. D. 1881, the defendants, Charles and Jackson Keslar, made a joint application to purchase the aforesaid land from said state, under the laws herein referred to, and that they now pretend and claim that they have a right to purchase the same, and that this plaintiff has no right to make a purchase thereof. Plaintiff alleges that defendants' said claims and pretenses are wholly unfounded and untrue, and that plaintiff has a right to purchase said land from said state under said laws, but that defendants have no such right"; and these allegations are not denied.

Now, while it is true in ordinary cases that when an answer admits or leaves undenied the material facts which constitute a cause of action stated in a complaint, judgment may be rendered on the pleadings (*Prost* v. *More,* 40 Cal. 347; *Hicks* v. *Lovell,* 64 Cal. 14; *Beaudry* v. *Felch,* 47 Cal. 183; *Amador County* v. *Butterfield,* 51 Cal. 526); yet, in a proceeding arising out of a contract referred to a proper court for determination as to conflicting rights to purchase lands from the state, each party is an actor, and must allege and prove all the facts upon which he relies as showing his right to become a purchaser from the state, and the steps he has taken to avail himself of and secure his right to make the purchase. (*Caderque* v. *Duran,* 49 Cal. 356; *Ramsey* v. *Flournoy,* 58 Cal. 260; *Dillon* v. *Saloude,* 68 Cal. 267.)

It follows that the court erred in rendering judgment on the pleadings.

Judgment reversed, and cause remanded for further proceedings.

Ross, J., and McKINSTRY, J., concurred.