[No. 9585.   Department One. — April 23, 1887.]

L. L. PAULSON, APPELLANT, v. MATTHEW NUNAN, RESPONDENT.

CLAIM AND DELIVERY — ATTACHMENT — EXEMPTION — EVIDENCE OF BUSINESS OF PLAINTIFF. — The action was for the claim and delivery of two horses which had been taken by the defendant, as sheriff, under certain writs of attachment against the plaintiff. The complaint alleged that at the time of the taking the plaintiff was a peddler and huckster, and that the horses being used by him in his business were exempt from attachment. On the trial, the defendant offered in evidence an entry in a directory which described the plaintiff as a publisher of hand-books and county directories. The plaintiff admitted that a portion of his time was employed as such publisher. *Held*, that the evidence was without prejudice, as the entry did not negative the fact that a portion of his time was occupied in the business of a huckster or peddler.

ID. — SUPPLEMENTAL COMPLAINT — STATUTE OF LIMITATIONS. — In such an action, it is not error to refuse to allow the plaintiff to file a supplemental complaint setting up that the judgment obtained in the action in which the attachments were issued was barred by the statute of limitations, not at the time of the taking by the sheriff, but at the time of the proposed filing of the amended pleading many years after the taking, and after the sheriff had gone out of office.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*William & George Leviston,* for Appellant.

*Clitus Barbour,* and *Carl T. Graef,* for Respondent.

FOOTE, C.— This is an action of claim and delivery by Paulson against Nunan, as sheriff of the city and county of San Francisco, for two horses, or their value, alleged to be exempt property under subdivision 6, section 690, of the Code of Civil Procedure, and wrongfully taken by the sheriff under writs of attachment. Judgment was rendered for the defendant, a new trial was moved for by the plaintiff and refused, and from the order made therein and the judgment this appeal is prosecuted.

The plaintiff alleges, as an error committed by the court, that it admitted in evidence, over his objection, an entry in a certain directory, as follows:—

"Paulson, Luther L., publisher of hand-books and county directories; office 517 Clay, dwl. 914 Clay."

Conceding without deciding that such evidence was incompetent to prove Paulson's employment, nevertheless he testified that a portion of his time at least was employed in getting up and publishing directories or hand-books, so that the admission of the entry in question before the court could not and did not prejudice him in any appreciable degree, as the entry in the book did not negative the fact that a portion of his time was occupied in the business of a huckster or peddler.

The great preponderance of the evidence was, we think, to the effect that the horses were not used habitually by the plaintiff, as he claimed, as a huckster or peddler in earning his living, and for such conflict as did exist, there should not be a reversal of the judgment or order.

The question before the court under the original pleadings was, Did not the sheriff rightfully seize the property under attachment at the time he took it?

The plaintiff asked leave of the court, which was refused, to file a supplemental complaint, setting up that the judgment obtained in the action in which the attachments were issued were barred by the statute of limitations, not at the time of the taking by the sheriff, but at the time of the proposed filing of the amended pleading, many years after the taking, and after the sheriff had gone out of office.

This refusal was a proper one; the sheriff's justification depended upon his lawful taking of the property at the time of its seizure, and whether after that time and before this suit was brought the statute of limitations had barred the judgments, was no concern of his.

There is no merit whatever in this appeal, and the judgment and order should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.