[No. 12831. In Bank. — January 15, 1889.]

## THOMAS B. REESE, RESPONDENT, *v.* JAMES THORBURN, APPELLANT.

STATE SWAMP AND OVERFLOWED LANDS — APPLICATION TO PURCHASE — CONTEST — PLEADING — JUDGMENT BY DEFAULT. — Upon a contest as to the right to purchase of the state swamp and overflowed lands, each of the contestants must state in his pleading all of the facts upon which he relies as showing his right to become the purchaser, and the steps he has taken to avail himself of and secure his right to make the purchase; and a complaint upon such contest stating merely that an application in due form of law was made and filed, without setting forth the facts so that the court can see that the affidavit complied with section 3443 of the Political Code, does not state facts sufficient to constitute a cause of action, and will not support a judgment by default.

APPEAL from a judgment of the Superior Court of Modoc County.

*Rogers & Chilstrom*, for Appellant.

*J. C. Bowmer*, for Respondent.

THORNTON, J. — Appeal by defendant from a judgment by default.

This is a contest as to the right to purchase of the state swamp and overflowed lands.

It is contended that the complaint does not state facts sufficient to constitute a cause of action.

The statute provides that a party desiring to purchase swamp and overflowed lands must make an affidavit setting forth certain matters, and file the same in the office of the surveyor-general of the state. (Pol. Code, sec. 3443.)

These matters are specified in the section of the code above cited.

The complaint does not set forth that any affidavit at all was made or filed. The pleader merely states that an application was made in due form of law and that this application was filed. This is the sum of the allegations of the complaint, taking the view most favorable to the plaintiff. The facts must be set out in the complaint so that the court can discern that the application is in due form of law, or rather that it complies with the requirements of the law. "Each of the contestants must state in his pleading all the facts upon which he relies as showing his right to become the purchaser, and the steps he has taken to avail himself of and secure his right to make the purchase."

The above is the rule laid down in *Cadierque* v. *Duran*, 49 Cal. 356, and we have no doubt of its correctness. (See also *Millidge* v. *Hyde*, 67 Cal. 5.)

The plaintiff has not complied with the above rule, and his complaint therefore does not state facts sufficient to constitute a cause of action.

Judgment reversed, and cause remanded for a new trial, and the court below is directed to grant leave to plaintiff to amend his complaint.

Ordered accordingly.

WORKS, J., SHARPSTEIN, J., McFARLAND, J., and PATERSON, J., concurred.