[S. F. No. 2705.    Department One.—April 21, 1904.]

THOMAS W. POLK (ROBERT T. POLK, Administrator, substituted), Respondent, v. MOREAU SLEEPER (CHARLES SLEEPER, Administrator, substituted), Appellant.

SWAMP AND OVERFLOWED LAND—CONTEST OF RIGHT TO PURCHASE—RULES OF PLEADING—STATEMENT OF FACTS REQUIRED—DEMURRER TO COMPLAINT.—The complaint of a contestant for the purchase of swamp and overflowed land is subject to the ordinary rules of pleading, and he must set forth the facts upon which he relies to sustain his own right of purchase, if he desires to purchase, and must also state sufficient facts to make a *prima facie* case to defeat the defendant's right before the defendant can be required

to answer; and if the complaint fails to do either, a demurrer of the defendant thereto should be sustained.

ID.—INSUFFICIENT STATEMENT OF PLAINTIFF'S RIGHT TO PURCHASE.— Where the complaint does not allege that the swamp and overflowed land sought to be purchased has been surveyed or segregated by authority of the United States, nor that it was not suitable for cultivation, nor that plaintiff was an actual settler thereon, it does not state facts sufficient to show any right in the plaintiff to purchase the land.

ID.—INSUFFICIENT ATTACK UPON DEFENDANT'S RIGHT—CONCLUSION OF LAW.—The complaint is insufficient to require the defendant to answer thereto, and to set forth his right of purchase, where it merely alleges that defendant's certificate of purchase was illegally issued, in that no application and affidavit for survey by him was recorded in the county surveyor's office, and that no affidavit and application were ever made as required by law. The latter averment is of a mere conclusion of law. If the land was before surveyed and sectionized, no survey for the defendant was required, and no application and affidavit therefor were required to be recorded.

APPEAL from a judgment of the Superior Court of Lake County. R. W. Crump, Judge.

The facts are stated in the opinion.

M. S. Sayre, for Appellant.

T. J. Sheridan, and Thomas D. Bond, for Respondent.

COOPER, C.—In November, 1885, the register of the state land office issued to defendant a certificate of purchase for the tract of land described in the complaint, one hundred and twenty-nine acres, the same being claimed as swamp and overflowed land. In May, 1886, plaintiff filed his application to purchase the same land, accompanied by a verified protest against the issuance of any further evidence of title to defendant. Afterwards, in June, 1886, upon demand of plaintiff, the surveyor-general as *ex officio* register of the state land office, made an order directing that said contest be referred to the superior court of Lake County for trial.

In due time the amended complaint was filed. The court overruled the defendant's demurrer to the said complaint, whereupon be declined to answer, and his default was duly entered. The court thereafter heard the plaintiff's testimony, and ordered judgment that neither plaintiff nor defendant

was entitled to purchase the land in contest. From the judgment so entered defendant brings this appeal on the judgment-roll.

The sole question here is as to whether or not the court erred in overruling the defendant's demurrer to said amended complaint. The demurrer was upon the grounds, among others, that the amended complaint does not state facts sufficient to constitute a cause of action; that it does not appear therefrom what matters, if any, were stated in the alleged application of plaintiff to purchase; and that it does not appear that the lands have been sectionized. The demurrer should have been sustained. The surveyor-general must not approve any application, nor must the register issue evidence of title, for swamp and overflowed land until six months after the same has been segregated by authority of the United States. (Pol. Code, sec. 3441.) There is no allegation in the complaint that the lands sought to be purchased have ever been surveyed or segregated by authority of the United States. It is necessary for an applicant to allege and prove such segregation before he can purchase such lands.

In *Garfield* v. *Wilson,* 74 Cal. 178, in speaking of the pleadings in such actions, this court said: ''These averments raised material issues, for under the provisions of the code since 1874 no application to purchase swamp land has been authorized until after the land has been segregated as such by authority of the United States.''

In *Perri* v. *Beaumont,* 91 Cal. 32, it is said: ''It is clear that upon the facts stated in the complaint the plaintiff was not entitled to a judgment directing the approval of his application to purchase, as it is not alleged that the land applied for was surveyed at the date it was made.'' And the same principle is held in *Wren* v. *Mangan,* 88 Cal. 276; *Buchanan* v. *Nagle,* 88 Cal. 591; *Dewar* v. *Ruiz,* 89 Cal. 385; *Nuttall* v. *Lovejoy,* 90 Cal. 163.

There is no allegation in the complaint that the land was not suitable for cultivation, or that the plaintiff was an actual settler thereon. It is provided in the constitution that lands belonging to the state and suitable for cultivation shall only be sold to actual settlers. (Art. III, sec. 7.) This provision applies to swamp and overflowed lands. (*Fulton* v. *Brannan,* 88 Cal. 454; *Goldberg* v. *Thompson,* 96 Cal. 117.)

It was therefore incumbent on plaintiff to allege and prove either that the land was not suitable for cultivation, or that, being suitable for cultivation, he was an actual settler thereon. (*Manley* v. *Cunningham,* 72 Cal. 236.)

It is therefore clear that the plaintiff does not show by his complaint that the land is of such a character that it can be disposed of by the state, nor that his relation to it is such that he is entitled to purchase.

The complaint alleges facts which it is claimed show that defendant is not entitled to purchase the land. It is conceded that the plaintiff, showing no right in himself to purchase, nor in any way connecting himself with any claim to the land, may contest the right of defendant to purchase. (*Garfield* v. *Wilson,* 74 Cal. 178; *Perri* v. *Beaumont,* 91 Cal. 32.) But nevertheless his complaint is wholly insufficient. It shows that a certificate of purchase was issued to defendant by the register of the state land office. It is alleged that the said certificate was illegally issued for the reasons that the land was never surveyed for defendant, that there is no record in the office of the county surveyor of Lake County of an application and affidavit made by defendant for the survey of the land, and that no affidavit and application was ever made as required by law for the purchase of swamp and overflowed land. It was not necessary that the land should have been surveyed for defendant, if it had been before surveyed and sectionized (Pol. Code, sec. 3445), nor was it in such case necessary to record an application and affidavit for a survey. As to whether or not such application and affidavit were made by defendant as the law requires, is a conclusion of law of which plaintiff is not the judge. It is not alleged wherein the application or affidavit were defective, nor even that they were defective. Plaintiff certainly was required to state some fact, matter, or thing that would invalidate the defendant's certificate of purchase. If not, there would be no object in requiring him to file a complaint.

It is contended by respondent that the ordinary rules of pleading do not apply to a contest of this kind, and that the order referring the matter to the superior court for trial, the beginning of the action in due time, and the plea setting forth these facts give the court complete jurisdiction, and in such case that defendant is required to come into court and plead

and prove his right to purchase. We find no authority to support such contention. After the order of reference either party may bring his action. Unless the contestant commences his action within sixty days after the order of reference is made, his rights in the premises and under his application cease. (Pol. Code, sec. 3417.)

The commencement of an action means the filing of a complaint. The filing of a complaint means the setting forth of the facts upon which the contestant relies. If he desires to purchase the land, he must show that it is subject to sale, that he is a qualified purchaser, and that he has complied with the law in making and filing his application. The defendant when brought into court upon a showing of facts which, if true, would defeat his right to purchase, must affirmatively aver and prove facts which entitle him to purchase. But if the complaint does not show facts which make a *prima facie* case against defendant, he is not compelled to come into court and affirmatively set up his rights. The mere facts that defendant has a certificate of purchase, and that plaintiff protested against the issuance to him of any further evidence of title, and that the order of reference has been made, do not make a case that defendant is required to answer. It is said in *Hinckley* v. *Fowler*, 43 Cal. 64: "And in the courts the ordinary rules of pleading and of evidence are to be observed, and judgment is to be rendered as in ordinary adversary proceedings." In *Jacobs* v. *Walker*, 76 Cal. 176, this court said: "The complaint stated facts showing a cause of action." In *Lane* v. *Pferdner*, 56 Cal. 122, it is said: "It was necessary, therefore, when an action was brought to try the rights of the contestants to purchase the land for the plaintiff to allege and prove (by the production of the certified copy of the entry) that the surveyor-general made the order of reference." In *Cadierque* v. *Duran*, 49 Cal. 356 the court said that after a contest is initiated and referred to the court for trial, "if all the parties are applicants for the purchase, each must state, in his pleadings, all the facts upon which he relies as showing his right to become the purchaser, and the steps he has taken to avail himself of and secure his right to purchase. If one of the parties merely protests against the approval of the application of another party, he must state the facts constituting the grounds of the contest; as, for instance, that

he has acquired the title from the United States, or that he has the right of pre-emption, stating the facts upon which his right is based."

If we were to adopt the rule contended for here, there would be no need of the contestant beginning his suit and filing his complaint. The defendant would have to come into court without knowing the facts upon which the contestant based his claim or the defects claimed to exist as to his own proceedings. The orderly administration of the law, the dispatch of business in court, and the ends of justice require that the pleadings, as in other cases, shall set forth the facts relied upon. No doubt that the court below on such terms as may be just will allow plaintiff to again amend.

The judgment should be reversed, with directions to the trial court to sustain defendant's demurrer.

Harrison, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed, with directions to the trial court to sustain defendant's demurrer.

Shaw, J., Angellotti, J., Van Dyke, J.