[L. A. No. 2412.   Department One.—February 7, 1910.]

T. L. MORAN, Respondent, v. MARY A. BONYNGE, Respondent; CHARLES H. GILMAN et al., Interveners, Appellants.

STATE LANDS—RIGHT TO PURCHASE—CONTEST—ACTORS—PLEADING PARAMOUNT RIGHT.—Where a contest of the right to purchase state lands is referred to the superior court, each party to the proceeding is an actor, and must state in his pleading facts sufficient to show that he has some right to the land better than that of the other parties; and if he claims as a purchaser from the state, he must allege the facts necessary to give him a right to purchase the land from the state paramount to the right of his adversaries.

ID.—INTERVENTION—PLEADING BY INTERVENERS.—The same rule of pleading, as actors, applies to persons admitted as interveners in the contest, which applies to plaintiffs and defendants.

ID.—INSUFFICIENT COMPLAINT BY INTERVENERS—ASSIGNMENT OF CERTIFICATE OF PURCHASE—QUALIFICATIONS OF PURCHASER NOT SHOWN. —A complaint by interveners in a contest of the right to purchase a section of land, who claim as assignees of a certificate of purchase antedating the claims of plaintiff and defendant, is insufficient when it fails to show the qualifications of the assignor to make the purchase, in not averring that he was a citizen of the United States, or had declared his intention to become such, nor that he was a resident of the state, nor of lawful age, nor that there was no adverse occupation of the land, nor that it was not susceptible of cultivation, nor that he had not entered other lands of the same class which with the land applied for would exceed six hundred and forty acres.

ID.—AFFIDAVIT NOT SHOWN TO BE FILED—FACT NOT STATED.—The complaint does not state that any affidavit was filed in the surveyor-general's office, where it merely avers that the assignor "made application in due form to purchase from the state," which is insufficient as a statement of fact.

ID.—PERCENTAGE AND CERTIFICATE—VALID APPLICATION MUST BE SHOWN.—The fact that the surveyor-general accepted twenty per cent of the purchase money and issued a certificate of purchase, does not excuse the interveners from alleging the facts necessary to show a valid application.

ID.—LEGAL CONCLUSIONS.—Mere averments that the assignor of interveners "made application in due form to purchase from the state," and "received a certificate in due form," and "became entitled to the possession of said land, and to receive a patent therefor," are bare and general conclusions of law, wholly insufficient to establish a valid application, or to sustain the pleading as against a general demurrer.

ID.—APPEAL OF INTERVENERS ON JUDGMENT-ROLL.—Where the interveners appealed on the judgment-roll without a bill of exceptions, and the demurrers to their complaint in intervention having been properly sustained, they ceased to have any further interest in the proceedings, and their objections on appeal to the sufficiency of the findings and to the judgment declaring the rights of other parties are without avail.

ID.—OBJECTION TO SERVICE OF DEMURRERS TO COMPLAINT IN INTERVENTION.—Waiving other answers to the objection that the demurrers to the complaint in intervention were not properly served, it is a sufficient answer that the complaint is fatally defective, which renders any irregularity in entertaining and acting on the demurrers entirely harmless.

ID.—REFUSAL OF LEAVE TO AMEND DEEMED JUSTIFIED.—This court must regard the refusal of leave to amend the complaint of the interveners as justified, when there is no bill of exceptions upon appeal to show the contrary, and where it further appears that the certificate of purchase relied upon by them was foreclosed by the judgment of the superior court in 1892, which became final, as determined on appeal to this court.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

F. D. Brandon, and R. P. Henshall, for Appellants.

J. R. Dorsey, and Charles G. Lamberson, for Plaintiff Respondent.

George E. Whitaker, Frank H. Short, and Hunsaker, Britt & Fielding, for Defendant Respondent.

SHAW, J.—The plaintiff's complaint states a cause of action under sections 3414 and 3415 of the Political Code, to determine the respective rights of the plaintiff and defendant to purchase certain state lands. The contest was referred to the superior court by the state surveyor-general. The defendant appeared and answered, setting up and claiming a right to buy the land under a prior application and certificate of the surveyor-general. Gilman and two others obtained leave of court and filed a complaint in intervention in which they claimed the right to purchase the land, which included an entire section of six hundred and forty acres, under a surveyor-general's certificate antedating the claims of both plaintiff and defendant. · Demurrers to this complaint filed by both plaintiff and defendant were sustained by the court without leave to amend. No order dismissing the intervention was made. Thereafter there was a trial of the contest between the plaintiff and the defendant and judgment was given that the plaintiff take nothing, and that the defendant, Mary A. Bonynge, was entitled to purchase the land covered by her certificate. The interveners appeal from this judgment. The record consists solely of the judgment-roll.

The only point that need be noticed is the alleged error in overruling the demurrers to the complaint in intervention.

It has long been settled that each party to a proceeding of this character is an actor and must state in his pleading facts sufficient to show that he has some right to the land better than that of the other parties; that if he claims as a purchaser from the state he must allege the facts necessary to give him a right to purchase the land from the state, paramount to the right of his adversaries. (*Cadierque* v. *Duran,* 49 Cal. 357; *Ramsey* v. *Flournoy,* 58 Cal. 261; *Aurrecoechea* v. *Sinclair,* 60 Cal. 549; *Dillon* v. *Saloude,* 68 Cal. 270, [9 Pac. 162]; *Cushing* v. *Keslar,* 68 Cal. 477, [9 Pac. 659]; *Gilson* v. *Robinson,* 68 Cal. 543, [10 Pac. 193]; *Reese* v. *Thorburn,* 78 Cal. 117, [20 Pac. 131]; *Prentice* v. *Miller,* 82 Cal. 573, [23 Pac. 189]; *Anthony* v. *Jillson,* 83 Cal. 300, [23 Pac. 419]; *Dollenmayer* v. *Pryor,* 150 Cal. 4, [87 Pac. 616].) In *Cadierque* v. *Duran,* 49 Cal. 357, it is said: "When a contest originating in the surveyor-general's office, in relation to the right to purchase lands from the state, is referred to the proper court for determination, if all the parties are appli-

cants for the purchase, each must state, in his pleadings, all the facts upon which he relies as showing his right to become the purchaser, and the steps he had taken to avail himself of and secure his right to make the purchase. If one of the parties merely protests against the approval of the application of another party, he must state the facts constituting the grounds of the contest, as for instance that he has acquired the title from the United States, or that he has the right of pre-emption, stating the facts upon which his right is based."

This rule applies to one who is admitted as an intervener as well as to plaintiffs and defendants. An intervener must have an interest in the subject-matter, an interest in the success of one of the parties, or an interest against both, or he cannot be admitted as a party. (Code Civ. Proc., sec. 387.) When he is admitted, the pleading which he presents and files must state facts sufficient, if true, to establish the right or interest which he claims; else he has no longer a standing in court as a litigant, if proper objection is made. He stands upon the same footing in this respect as the other parties.

The interveners claim solely as assignees or transferees of one S. Davis. The allegations of the complaint in intervention concerning the right of Davis are as follows:—

"2. That on or about the 1st day of August, 1888, one S. Davis made application in due form to purchase from the state of California the land and premises above described, and then paid to the state of California twenty (20) per cent of the purchase price of such lands, and the first year's interest in advance upon the balance of such purchase money, together with the deposit and filing fee as required by law, and thereafter received from the state of California a certificate of purchase in due form for said lands, dated on the 20th day of March, 1889, and number 11,487, whereby said S. Davis became the purchaser and entitled to the possession of said land and to receive a patent therefor in due course."

This does not aver that Davis was a citizen of the United States or that he had filed a declaration of intention to become a citizen, nor that he was a resident of the state, nor that he was of lawful age, nor that there was at the time no adverse occupation of the land, nor that the land was not susceptible of cultivation, nor that Davis had not entered other lands of the same class, which, with the land applied for, would exceed

six hundred and forty acres. All these facts were necessary
to show that Davis was a qualified purchaser, as the law stood
at and ever since the time of his application. (Pol. Code, sec.
3495; Stats. 1885, p. 207.) It does not state that any affi-
davit was made or filed in the surveyor general's office, but
merely avers that Davis "made application in due form to
purchase from the state." In *Reese* v. *Thorburn,* 78 Cal. 117,
[20 Pac. 131], this was declared to be insufficient as a state-
ment of fact, the court saying, "the facts must be set out
in the complaint so that the court can discern that the appli-
cation is in due form of law, or rather that it complies with
the requirements of the law." (See, also, *Hildebrand* v.
*Stewart,* 41 Cal. 392; *Woods* v. *Sawtelle,* 46 Cal. 391; *Bots-
ford* v. *Howell,* 52 Cal. 158.) The fact that the surveyor-gen-
eral received twenty per cent of the purchase money and
issued a certificate does not excuse the interveners from alleg-
ing the facts necessary to show a valid application. (*Woods*
v. *Sawtelle,* 46 Cal. 391.) It was necessary to allege that the
land was not suitable for cultivation, in order to show a right
to purchase six hundred and forty acres. (*Polk* v. *Sleeper,*
143 Cal. 73, [76 Pac. 819]; *Manley* v. *Cunningham,* 72 Cal.
243, [13 Pac. 622].) It was also necessary to aver the facts
which would make Davis a qualified purchaser. (*Polk* v.
*Sleeper,* 143 Cal. 73, [76 Pac. 819].) The complaint in inter-
vention on these subjects states only that the application was
"in due form," and that Davis "became the purchaser and
entitled to the possession of said land and to receive a patent
therefor in due course." These are bare and general conclu-
sions of law, wholly insufficient in a pleading when challenged
by a demurrer. The demurrers were properly sustained.

The interveners cite *Bieber* v. *Lambert,* 152 Cal. 562, [93
Pac. 94], and claim that it holds contrary to the above author-
ities. They misapprehend the effect of that case. It discusses
and declares only the effect of the recitals of the certificate
of purchase as evidence, when it is given in evidence upon the
trial; and what was there said has no bearing whatever upon
the question of the sufficiency of a complaint when attacked by
general demurrer. Moreover the complaint of the intervener
does not set forth the contents of the certificate, but merely
avers that "a certificate of purchase in due form" was issued.
This also is a conclusion of law, and clearly not the equivalent

of an averment of the facts necessary to show a valid application to purchase.

The demurrers having been properly sustained, the interveners ceased to have any interest in the subsequent proceedings, and their objections to the sufficiency of the findings, and to the judgment declaring the rights of the other parties, are without avail. It being settled that they had no right to purchase, their right to be heard on other points in the case terminated. (*Ramsey* v. *Flournoy*, 58 Cal. 261.)

It is also asserted that the demurrers to the complaint were not properly served. Waiving the point that there is no bill of exceptions, and hence that the lack of proper service does not appear in the record before us, it is a sufficient answer to this claim to say that the complaint in intervention is fatally defective, and that this renders any irregularity in entertaining and ruling on the demurrer entirely harmless. We must regard the refusal of leave to amend as fully justified, since there is no bill of exceptions, nor any facts to show the contrary. Incidentally we note that the respondent states in her brief, and appellants do not deny it, that the right of Davis to purchase the land from the state, by virtue of the certificate issued to him, was foreclosed by the judgment of the superior court of Kern County in 1892, and that this judgment has become final. (See *People* v. *Davis*, 143 Cal. 673, [77 Pac. 651], where the case was finally determined on appeal to this court.) Doubtless the court below had its former judgment in mind when it refused leave to amend.

The judgment is affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.